**R. Wayne JOHNSON, Appellant,**

v.

**S.O. KINNEY and J.W. Mossbanger, Appellees.**

No. 01–94–00390–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1995.

R. Wayne Johnson, pro se.

Before HEDGES, COHEN and WILSON, JJ.

## OPINION

HEDGES, Justice.

Appellant R. Wayne Johnson, a prisoner at the Texas Department of Criminal Justice, Institutional Division, Retrieve Unit ("TDCJ"), appeals the dismissal with prejudice of his *pro se* suit *in forma pauperis* under TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(2) (Vernon 1994). By an order of March 2, 1994, before the defendants had been served with citation, the trial court dismissed appellant's suit with prejudice on the basis that the claim was frivolous and had no arguable basis in law or fact. We affirm.

## Facts

■ Appellant sued appellees, who are TDCJ officials, for common-law negligence and gross negligence. Appellant complains of excessive noise in the prison dayroom. He asserts that appellees failed to enforce their own dayroom noise rules. He further asserts that the Inmate Orientation Manual states that, when in the dayroom: (1) inmates can talk at a low level so as not to disturb anyone; (2) television will be kept at a low volume; and (3) no loud talking or any other disturbance will be allowed.

Appellant alleges that appellees have ignored or failed to address his numerous formal and informal complaints concerning these rules. His allegations include claims that appellees acted with intentional, willful, wanton, and reckless disregard for appel-

lant's rights and welfare. As a result, appellant claims he suffers from feelings of depression, anxiety, severe mental and emotional distress, anger, frustration, and headaches. He alleges that he exhausted his administrative remedies. On its own motion and without a hearing, the trial court dismissed appellant's suit with prejudice under section TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(2), as having no arguable basis in law or fact.

Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001.

■ The trial court has broad discretion to dismiss a suit under section 13.001. *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Onnette v. Reed*, 832 S.W.2d 450, 452 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Brown v. Lynaugh*, 817 S.W.2d 813, 815 (Tex.App.—Houston [1st Dist.] 1991, no writ).

We conclude that appellant's claim has no arguable basis in law. He complains that the TDCJ officials had an obligation to enforce the regulations in the Inmate Orientation Manual and that he has standing to complain of their negligence when they fail to do so. We do not believe that state law recognizes a right to damages for prison official's negli-

gent or even gross negligent failure to enforce rules applicable to the inmates.

We overrule point of error one.

We affirm the judgment of the trial court.