LEVATTE V. CITY OF WICHITA FALLS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-269-CV

JOHNNY LEVATTE APPELLANT

V.

THE CITY OF WICHITA FALLS, APPELLEE

TEXAS A MUNICIPALITY, A MUNICIPAL 

CORPORATION, A GOVERNMENTAL 

ENTITY

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

OPINION

------------

In this appeal, Appellant Johnny Levatte argues in one issue that the trial court erred in granting the amended plea to the jurisdiction filed by Appellee The City of Wichita Falls, Texas (“City”).  We will affirm.

I.  Factual Background and Procedural History

On February 2, 1999, the City passed Ordinance No. 8-99 to demolish dangerous structures at 1702 Fairfax, lot 29A, Replat McKenzie Knight Addition, Less West 75 x 120' in Wichita Falls, Texas.  Levatte, the owner of the property, filed a “petition for temporary injunction and further relief” on November 15, 1999.  He also filed an “application for ex parte temporary restraining order” to prevent the demolition, which the trial court granted on November 15, 1999.  On November 19, 1999, the City filed its original answer and plea to the jurisdiction, and following hearings on the plea, the court granted the City’s plea.  Levatte did not appeal that dismissal order. 

On January 3, 2001, the City demolished the structures owned by Levatte at 1702 Fairfax.  On December 30, 2002, Levatte filed a second suit against the City alleging that it had “illegally, arbitrarily and unconstitutionally” passed an ordinance authorizing the demolition of certain buildings and structures on his property and had bulldozed or caused to be bulldozed and destroyed these structures and buildings, damaging Levatte in excess of one hundred thousand dollars.  Levatte alleged one cause of action:

VI.  Cause of Action

Defendant, through its acts and omissions of January 3, 2001 in Wichita County, Texas violated Plaintiff’s rights under the 5
th
 and 14
th
 Amendments to the United States Constitution which provides that no person shall be deprived of property without due process of law.  Plaintiff’s Constitutional rights were violated in the above regard and it was an unconstitutional taking of Plaintiff’s property. 

The City filed its original answer, plea to the jurisdiction, affirmative defenses, and motion for sanctions on January 27, 2003.  

On March 12, 2003, the court conducted a hearing on the City’s plea to the jurisdiction, at which the City argued that the previous suit had been dismissed because Levatte had not exhausted administrative remedies under Texas Local Government Code section 214.0012 before demolition by seeking review of the City Council’s decision and that he was still required to exhaust those remedies after demolition of the property.  
See
 
Tex. Loc. Gov’t Code Ann.
 § 214.0012 (Vernon Supp. 2004).  Levatte argued that his current suit raised a new claim of the violation of his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution that had not been litigated and that he was not required to exhaust administrative remedies to raise such a federal cause of action.  The trial court asked both sides for further briefing on the issue of exhaustion of administrative remedies as a prerequisite to bringing a federal constitutional claim.  

The City responded by filing an amended plea to the jurisdiction and a brief in support of that plea.  The City characterized Levatte’s claim under the Fifth and Fourteenth
 Amendments to the United States Constitution as being brought pursuant to section 1983 of title 42 of the United States Code.  
See
 42 U.S.C. § 1983 (West 2003).
(footnote: 1)  The City conceded that the United States Supreme Court held, in 
Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City
, 473 U.S. 172, 193-94 & n.13, 105 S. Ct. 3108, 3120 & n.13 (1985), that exhaustion of administrative remedies was not required before a party could assert such an action based on a “taking” without just compensation under the Fifth Amendment.   But the City argued that the trial court still lacked jurisdiction based on the Supreme Court’s further holding in 
Williamson County
 that a federal constitutional claim for a “taking” is not ripe until the property owner has availed himself of available state remedies to seek and obtain just compensation.  
Id
. at 194-95, 105 S. Ct. at 3120-21.  The City urged that Levatte’s federal takings claim was not ripe because the previous suit filed prior to the demolition did not seek compensation and he retained an available state remedy for inverse condemnation pursuant to the Texas Constitution for just compensation for a “taking” of his property, which he had not pursued.  
See
 
Tex. Const
. art. I, § 17.  Levatte did not respond to the City’s plea or brief. 

Thereafter, on July 16, 2003, the trial court conducted a hearing on the City’s amended plea to the jurisdiction.  The City presented its arguments to the court, again urging that Levatte’s suit was not ripe and, therefore, that the trial court lacked jurisdiction because he had not sought compensation through an inverse condemnation claim under state law.  The attorney for the City acknowledged at the hearing that case law provided three ways for Levatte to proceed:  by filing a state court suit asserting both state and federal “takings” claims in the same suit, by filing a separate state “takings” action for inverse condemnation first, or by filing two suits and having the federal claim abated until the state constitutional claim had been concluded.  

Levatte requested that he be given the opportunity to amend his pleadings and to respond before the trial court dismissed the case.  The trial court asked the City to provide further briefing, and it gave Levatte until August 11, 2003 to research the City’s arguments and to respond.  The City filed a letter brief on July 30, 2003 and provided a hand-delivered copy of the brief to Levatte’s counsel, but Levatte did not respond to the letter brief or amend his pleadings. On August 13, 2003, the trial court granted the City’s amended plea to the jurisdiction. 

II.  Trial Court’s Subject Matter Jurisdiction

A. Standard of Review

“Ripeness is an element of subject matter jurisdiction.”  
Mayhew v. Town of Sunnyvale, 
964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999).  “Subject matter jurisdiction is never presumed and cannot be waived.”  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443-44 (Tex. 1993).  The question of subject matter jurisdiction is a legal question, which we review de novo.  
Mayhew, 
964 S.W.2d at 928.  The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction, as the City has done in this case.  
See Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 232 (Tex. 2004);
 Bland Indep. Sch. Dist. v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).

B. Plea to the Jurisdiction

A plea to the jurisdiction is a dilatory plea by which a party challenges a court’s authority to determine the subject matter of an action.  
Bland
, 34 S.W.3d at 554.  The purpose of a dilatory plea is not to force the plaintiff to preview his or her case on the merits but to establish a reason why the merits should never be reached.  
Id.
  Thus, our task is not to decide the merits of Levatte’s case but rather to examine the claim in his pleadings, taking as true the facts pled, to determine whether those facts support jurisdiction in the trial court.  
See Penley v. Westbrook
, No. 2-02-260-CV, 2004 WL 1119361, at *5 (Tex. App.—Fort Worth May 20, 2004, no pet. h.).

“When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate 
the court’s jurisdiction to hear the cause.”  
Miranda
, 133 S.W.3d at 226; 
see also Tex. Natural Res. Conservation Comm’n v. White, 
46 S.W.3d 864, 868 (Tex. 2001); 
Bland, 
34 S.W.3d at 555.  We must construe the pleadings in the plaintiff’s favor and look to the pleader’s intent.  
Miranda
, 133 S.W.3d at 226; 
County of Cameron v. Brown, 
80 S.W.3d 549, 555 (Tex. 2002); 
Peek v. Equip. Serv. Co., 
779 S.W.2d 802, 804 (Tex. 1989).

C. Application of the Law to the Facts

In one issue, Levatte complains that the trial court erred in granting the City’s amended plea to the jurisdiction.  The City asserts that, because Levatte failed to seek just compensation through an inverse condemnation action under Texas law or to assert that such procedures were unavailable or inadequate, Levatte’s federal takings claim against the City is not ripe under 
Williamson,
 473 U.S. at 194-95, 105 S. Ct. at 3120-21.  Thus, the City argues that the trial court properly dismissed Levatte’s federal takings claim for lack of jurisdiction.  Levatte contends that his pre-demolition lawsuit, which was filed and disposed of by dismissal in the district court in 1999, constituted a sufficient request for and denial of just compensation for the alleged wrongful taking of Levatte’s property before the demolition.  

Because the City challenged Levatte’s pleadings and not the existence of jurisdictional facts, we examine his petition 
to determine whether it contains sufficient facts to affirmatively demonstrate the trial court’s jurisdiction.  
See Miranda
, 133 S.W.3d at 226; 
see also Mayhew
, 964 S.W.2d at 928; 
Coble v. City of Mansfield
, 134 S.W.3d 449, 458 (Tex. App.—Fort Worth 2004, no pet.). 

The Fifth Amendment of the United States Constitution states, “[N]or shall private property be taken for public use without just compensation” and is made applicable against the states via the Fourteenth Amendment.  
U.S. Const
. amends. V, XIV; 
Chicago, B. & Q. R. Co. v. City of Chicago,
 166 U.S. 226, 239, 241, 17 S. Ct. 581, 585-86 (1897).
(footnote: 2)  In 
Williamson County
, the Supreme Court interpreted the clause to mean that no “takings” constitutional violation occurs until “just compensation” has been denied
.  
473 U.S. at 194, 105 S. Ct. at 3120.  “[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.”  
Id
. at 195, 105 S. Ct. at 3121.  “A takings claim is not ripe until the claimant has unsuccessfully sought compensation from the state.”  
Samaad v. City of Dallas
, 940 F.2d 925, 933 (5th Cir. 1991).

It is well established that a “a federal takings claim does not ripen until just compensation is denied” and that, “for a federal takings claim to become ripe, the plaintiff is required to seek compensation through the procedures the state has provided unless those procedures are unavailable or inadequate.”  
Vulcan Materials Co. v. City of Tehuacana
, 238 F.3d 382, 385 (5th Cir. 2001) (citing 
Williamson County,
 473 U.S. at 194-95, 105 S. Ct. at 3120-21);
 Flower Mound, 
135 S.W.3d 646 (citing 
Williamson County
, 473 U.S. at 194-95, 105 S. Ct. at 3120-21); 
see also Palazzalo v. Rhode Island
, 533 U.S. 606, 618, 121 S. Ct. 2448, 2458 (2001); 
Guetersloh v. State,
 930 S.W.2d 284, 289-90 (Tex. App.—Austin 1996, writ denied), 
cert. denied
, 522 U.S. 1110 (1998).  As one commentator has noted, “[t]he rationale behind this finality requirement is that a landowner must utilize the procedures for obtaining compensation 
prior to 
bringing any [federal “takings”] action because the state’s action is not complete until the state fails to provide an adequate post-deprivation remedy.”  Philip K. Hartmann & Stephen J. Smith, 
42 U.S.C.  § 1983:  First Stop--State Court (Sometimes),
 35 
Urb. Law
. 719, 720 (2003) (emphasis supplied).

Texas provides an “adequate procedure for seeking just compensation” for a regulatory taking, such as the demolition of Levatte’s property, through an inverse condemnation action under article I, section 17 of the Texas Constitution.  
Tex. Const
. art. I, § 17; 
Flower Mound
,135 S.W.3d 646; 
see also Patel v. City of Everman, 
No. 12-02-00174-CV, 2004 WL 1192446, at *3-4 (Tex. App.—Tyler May 28, 2004, no pet. h.) (holding, in a summary judgment case, plaintiff’s evidence raised a genuine issue of material fact as to whether demolition of buildings by city ordinance in exercise of police power constituted “taking” allowing inverse condemnation suit for compensation under Texas Constitution); 
John Corp. v. City of Houston,
 214 F.3d 573, 580-81 (5th Cir. 2000) (affirming dismissal of federal takings claims involving demolition of buildings where plaintiffs’ claims were not ripe under 
Williamson County
); 
Samaad
, 940 F.2d at 935 (holding procedures available in Texas state courts for obtaining just compensation under Texas Constitution are “adequate”).

We agree with the City that Levatte’s 1999 pre-demolition suit for injunctive relief, which was dismissed prior to the alleged wrongful taking of Levatte’s property in 2001, was not sufficient to satisfy the prerequisite of a request for and denial of just compensation under state law.  
See
 
Williamson County
, 473 U.S. at 195, 105 S. Ct. at 3121 (stating that Fifth Amendment does not require payment before the taking occurs); 
Flower Mound
, 135 S.W.3d 646.  Further, we agree with the City that Levatte’s pleadings in this case, construed liberally, cannot be construed as raising a takings claim for inverse condemnation under the Texas Constitution, nor may they be construed as a reservation of his federal-law claim under 
Guetersloh
.  930 S.W.2d at 290 (describing means for plaintiff to bring state-law takings claims, while reserving the right to litigate the federal-law claim); 
see also John Corp.
, 214 F.3d at 581 n.13 (stating plaintiffs whose section 1983 federal takings claims had been dismissed might be able to avail themselves of the process outlined in 
Guetersloh
).  In the section of his petition titled “Cause of Action,” Levatte alleged only that the City “violated his rights under the 5
th
 and 14
th
 Amendments to the United States Constitution.”  In the next sentence, he specifically states that his ”Constitutional rights were violated in the above regard and it was an unconstitutional taking of Plaintiff’s property.”  

We are unable to construe the term “taking” in Levatte’s pleading broadly enough to implicitly include a takings claim under the Texas Constitution because, in the preceding sentence, Levatte specifically referenced only the United States Constitution as the basis upon which he sought relief.  In short, giving a liberal construction to Levatte’s pleadings, he raised one claim—a federal takings claim under the Fifth and Fourteenth Amendments to the United States Constitution.  Because Levatte did not bring a claim under article I, section 17 of the Texas Constitution, we are constrained to hold that his federal takings claim was not ripe for adjudication.  
See
 
Tex. Const
. art. I, § 17; 
Williamson County
, 473 U.S. at 195, 105 S. Ct. at 3121; 
Flower Mound
, 135 S.W.3d 646; 
see also John Corp
., 214 F.3d at 580-81.

In determining whether the trial court erred in dismissing Levatte’s federal takings claim, 
Miranda
 states that “[i]f the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court[’]s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend.”  133 S.W.3d at 226-27.  A trial court may grant a plea to the jurisdiction without allowing the pleader an opportunity to amend if the pleadings negate the existence of jurisdiction.  
Id
.

The City argues that Levatte should not be given an opportunity to amend because the statute of limitations would bar his state-law takings claim.  Levatte did not respond to this argument when the City raised it during the July hearing on its plea to the jurisdiction, and he does not request an opportunity to amend his pleadings in his appellate brief.  It appears that a state-law takings claim under article I, section 17 of the Texas Constitution is governed by the ten-year statute of limitations for adverse possession, rather than the two-year statute, as contended by the City.  
See Patel
, 2004 WL 1192446 at *8.  However, we need not reach this issue.

We observe that the City cited federal cases applying
 Williamson County’s
 ripeness doctrine and pointed out the 
Guetersloh
 process for reservation of federal-law claims in its trial brief, which the City filed 
before 
the July 16 hearing on its amended plea to the jurisdiction.  In addition, during the hearing, the City discussed 
Guetersloh’s
 process to reserve federal-law claims. Even with this knowledge of 
Guetersloh
, Levatte did not amend his pleadings to include a state-law claim or otherwise avail himself of the 
Guetersloh
 procedure after the trial court gave him an opportunity to respond.

Indeed, as we stated above, 
Levatte
 himself asked the trial court during the July 16, 2003 hearing for an opportunity to cure his pleadings or to otherwise respond to the City’s arguments.  The court gave him until August 11, 2003 to respond to the City’s arguments and further filings or to amend his pleadings.  The City filed a letter brief on July 30, 2003, but Levatte did not respond, choosing instead to stand on his pleadings.

Thus, when the trial court dismissed Levatte’s suit on August 13, two days after the deadline it had given him to amend his pleadings, it had already given him ample opportunity to amend to assert the state-law claim or to avail himself of 
Guetersloh’s
 process.  Finally, we note that Levatte has not requested an additional opportunity to amend in his brief on this appeal.  We cannot say that Levatte should be permitted to amend his pleadings now, after he already had that opportunity and failed to avail himself of it.  
See Harris County v. Sykes
, 136 S.W.3d 635, 639-40 (Tex. 2004) (“If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff’s amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff’s action.”).  We hold that Levatte is not entitled to a remand for an additional opportunity to amend his pleadings.  
See id
.  We overrule Levatte’s sole point.

III.  Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s order granting the City’s amended plea to the jurisdiction.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED:  August 5, 2004

FOOTNOTES
1:
Section 1983 of title 42 of the United States Code provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983; 
see also City of Fort Worth v. Robles
, 51 S.W.3d 436, 443 (Tex. App.—Fort Worth 2001, pet. denied) (stating that section 1983 does not create substantive rights but provides a remedy for the deprivation of federal rights established elsewhere).

2:
The Fifth Amendment prohibits the taking of property without just compensation, but it does not require payment before the taking occurs.  
Town of Flower Mound v. Stafford Estates Ltd. P’ship
, 135 S.W.3d 620, 645 (Tex.  2004) (citing
 Williamson County
, 473 U.S. at 195, 105 S. Ct. at 3121).