COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-317-CV
  
  
JEFFREY 
D. WESTBROOK                                                       APPELLANT
   
V.
   
WARDEN 
ROBERT R. TREON, ASSISTANT                                APPELLEES
WARDEN 
JAMES D. MOONEYHAM, ASSISTANT
WARDEN 
RICHARD E. WATHEN, GARY
JOHNSON, 
JANIE COCKRELL, DAVID F.
FONDREN, 
CARL REYNOLDS, FRANK
HOKE, 
MAJOR JIMMY BOWMAN, SHARON
MCWHIRTER, 
ROY MONROE, ARLENE
FRANCO, 
PRISCILLA MORALES, CLYDE
HARGROVE, 
AND PATTI BELL
 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        Appellant 
Jeffrey D. Westbrook, an inmate incarcerated in the Institutional Division of 
the Texas Department of Criminal Justice (“TDCJ”), appeals the dismissal of 
his class action lawsuit against employees of the Allred Unit.  The trial 
court granted the employees’ plea to the jurisdiction and dismissed 
Westbrook’s suit without prejudice.  In five issues, Westbrook contends 
that the trial court erred by (1) dismissing his lawsuit because he did not sue 
under the Texas Tort Claims Act, (2) dismissing his lawsuit without notifying 
him it was on the dismissal docket, (3) failing to grant his motion for 
no-answer default judgment, (4) dismissing his 42 U.S.C. § 1983 claim under a 
plea to the jurisdiction, and (5) failing to rule on his verified motion to 
reinstate and request for findings of fact and conclusions of law.  We will 
affirm.
II. Background 
Facts
        Appellant 
filed a class action complaint against the warden, two assistant wardens, and 
numerous other employees of the prison.[2]  
Westbrook alleged that the employees violated TDCJ policies and procedures by 
failing to issue him a locker and destroying his property.  Westbrook 
sought damages, injunctive relief, and class certification on behalf of all 
current and future offenders incarcerated in the Allred Unit.  The 
employees submitted a plea to the jurisdiction of the court with their original 
answer that asserted that Westbrook failed to state a cause of action under 
which he could recover.  The trial court granted the employees’ plea, and 
the case was dismissed without prejudice.
III. Plea to 
the Jurisdiction
        A. Standard of Review
        A 
plea to the jurisdiction contests the trial court’s authority to determine the 
subject matter of the cause of action.  Bland Indep. Sch. Dist. v. Blue, 
34 S.W.3d 547, 554 (Tex. 2000).  Because the question of subject matter 
jurisdiction is a question of law, we review a trial court’s ruling on a plea 
to the jurisdiction de novo.[3]
        B. 
Failure to State a Cause of Action
        In 
his first issue, Westbrook contends that the trial court abused its discretion 
when it dismissed his lawsuit based on the employees’ plea to the court’s 
jurisdiction under the Texas Tort Claims Act.  Westbrook argues that he did 
not sue under the Texas Tort Claims Act, but that he sued the prison employees 
in their individual capacities under section 14.001 of the Texas Civil Practice 
and Remedies Code. Chapter fourteen governs the procedural requirements of 
inmate civil litigation.  Tex. Civ. 
Prac. & Rem. Code Ann. ch. 14 (Vernon 2002); Thomas v. Wichita 
Gen. Hosp., 952 S.W.2d 936, 941 (Tex. App.—Fort Worth 1997, pet. 
denied).  It was designed to control the flood of frivolous lawsuits being 
filed in Texas courts by prison inmates.  Hickson v. Moya, 926 
S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).  Chapter fourteen does 
not state causes of action on which an inmate may file a lawsuit against a 
prison official.  Tex. Civ. Prac. 
& Rem. Code Ann. ch. 14.  Additionally, state law does not 
recognize a cause of action for prison officials’ negligent or even grossly 
negligent failure to enforce rules applicable to inmates.  See Johnson 
v. Kinney, 893 S.W.2d 271, 272–73 (Tex. App.—Houston [1st Dist.] 1995, 
no writ).  Accordingly, we hold that Westbrook failed to state a cause of 
action that would allow him to recover.  We overrule Westbrook’s first 
issue.
        C. 
Failure to Notify Appellant that Lawsuit Was on Dismissal Docket
        In 
his second issue, Westbrook argues that the trial court erred when it dismissed 
his lawsuit without notifying him as required by Texas Rule of Civil Procedure 
165a(1). Tex R. Civ. P. 165a(1). However, rule 
165(a)(1) deals exclusively with dismissals for want of prosecution.  Id.  
This case was dismissed on a plea to the court’s jurisdiction, not for want of 
prosecution.  Therefore, we overrule Westbrook’s second issue.
        D. 
Failure to Grant Motion for No-Answer Default Judgment
        In 
his third issue, Westbrook asserts that the trial court erred when it failed to 
grant his motion for a no-answer default judgment.  A no-answer default 
judgment may not be entered against a defendant after he has filed an 
answer.  Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex. 1989).  
Westbrook filed his motions on April 14, 2003, and the employees filed their 
answer on April 28, 2003.  Because the employees filed their answer before 
a hearing was held on Westbrook’s motions, the trial court was correct in not 
granting Westbrook’s motion for default judgment.  Therefore, we overrule 
Westbrook’s third issue.
E. Dismissal of Section 1983 Claim
        In 
his fourth issue, Westbrook contends that the trial court abused its discretion 
when it dismissed his section 1983 claim under a plea to the jurisdiction.  
An original pleading which sets forth a claim for relief must contain a short 
statement of the cause of action sufficient to give fair notice of the claim 
involved.  Tex. R. Civ. P. 47(a).  
Westbrook did not state a cause of action under 42 U.S.C. § 1983.  42 
U.S.C. § 1983 (2003).  Therefore, the trial court acted properly. We 
overrule Westbrook’s fourth issue.

F. Failure to Rule on Motion to Reinstate and Request for Findings
of Fact and Conclusions of Law
 
        In 
his fifth issue, Westbrook argues that the trial court abused its discretion by 
failing to rule on his motion to reinstate pursuant to Texas Rule of Civil 
Procedure 165(a)(4).  Rule 165(a) applies to dismissals for want of 
prosecution. Tex. R. Civ. P. 165(a).  As 
previously stated, this case was dismissed on a plea to the jurisdiction, not 
for want of prosecution.  Consequently, rule 165(a) does not apply in this 
case. Id.
        Additionally, 
Westbrook asserts that the trial court abused its discretion by not issuing 
findings of fact and conclusions of law as requested pursuant to Texas Rule of 
Civil Procedure 296.  Rule 296 applies to cases that are tried without a 
jury. Tex. R. Civ. P. 296.  Here, the 
trial court dismissed Westbrook’s case prior to trial.  Therefore, rule 
296 is not applicable.  We overrule Westbrook’s fifth issue.
IV. Conclusion
        After 
reviewing the record, we hold that the trial court properly granted Appellees’ 
plea to the jurisdiction because Westbrook failed to state any recoverable cause 
of action.  Accordingly, we affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
  
  
PANEL 
F:   WALKER, LIVINGSTON, and GARDNER, JJ.
 
DELIVERED: 
December 16, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Patti Bell was not listed on the cover of Appellees’ brief.  However, the 
record does not show that she was dismissed from the lawsuit.  Therefore, 
the trial court’s final dismissal order dismissed Westbrook’s claims against 
her, and she is properly a party to this appeal.
3.  
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. 
denied, 526 U.S. 1144 (1999); Levatte v. City of Wichita Falls, 144 
S.W.3d 218, 222 (Tex. App.—Fort Worth 2004, no pet.).  In his brief, 
Westbrook asks this court to apply an abuse of discretion standard of review to 
the trial court’s granting of the Appellees’ plea to the jurisdiction.  
However, because we are required to review a trial court’s ruling on a plea to 
the jurisdiction de novo, we apply that standard of review to this case.  See 
Mayhew, 964 S.W.2d at 928; Levatte, 144 S.W.3d at 222.