Jeffrey D. Westbrook v. Warden Robert R. Treon, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-317-CV

JEFFREY D. WESTBROOK APPELLANT

V.

WARDEN ROBERT R. TREON, ASSISTANT APPELLEES

WARDEN JAMES D. MOONEYHAM, ASSISTANT 

WARDEN RICHARD E. WATHEN, GARY 

JOHNSON, JANIE COCKRELL, DAVID F. 

FONDREN, CARL REYNOLDS, FRANK 

HOKE, MAJOR JIMMY BOWMAN, SHARON 

MCWHIRTER, ROY MONROE, ARLENE 

FRANCO, PRISCILLA MORALES, CLYDE

HARGROVE, AND PATTI BELL

------------

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jeffrey D. Westbrook, an inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice (“TDCJ”),  appeals the dismissal of his class action lawsuit against employees of the Allred Unit.
  
The trial court granted the employees’ plea to the jurisdiction and dismissed Westbrook’s suit without prejudice.  In five issues, Westbrook contends that the trial court erred by (1) dismissing his lawsuit because he did not sue under the Texas Tort Claims Act, (2) dismissing his lawsuit without notifying him it was on the dismissal docket, (3) failing to grant his motion for no-answer default judgment, (4) dismissing his 42 U.S.C. § 1983 claim under a plea to the jurisdiction, and (5) failing to rule on his verified motion to reinstate and request for findings of fact and conclusions of law.  We will affirm.

II.  Background Facts

Appellant filed a class action complaint against the warden, two assistant wardens, and numerous other employees of the prison.
(footnote: 2)  Westbrook alleged that the employees violated TDCJ policies and procedures by failing to issue him a locker and destroying his property.  Westbrook sought damages, injunctive relief, and class certification on behalf of all current and future offenders incarcerated in the Allred Unit.  The employees submitted a plea to the jurisdiction of the court with their original answer that asserted that Westbrook failed to state a cause of action under which he could recover.  The trial court granted the employees’ plea, and the case was dismissed without prejudice.

III.  Plea to the Jurisdiction

A.  Standard of Review

A plea to the jurisdiction contests the trial court’s authority to determine the subject matter of the cause of action.  
Bland Indep. Sch. Dist. v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).
 
 Because the question of subject matter jurisdiction is a question of law, we review a trial court’s ruling on a plea to the jurisdiction de novo.
(footnote: 3) 

B. 
 Failure to State a Cause of Action

In his first issue, Westbrook contends that the trial court abused its discretion when it dismissed his lawsuit based on the employees’ plea to the court’s jurisdiction under the Texas Tort Claims Act.  Westbrook argues that he did not sue under the Texas Tort Claims Act, but that he sued the prison employees in their individual capacities under section 14.001 of the
 
Texas Civil Practice and Remedies Code.  Chapter fourteen governs the procedural requirements of inmate civil litigation.  
Tex. Civ. Prac. & Rem. Code Ann
. ch. 14 (Vernon 2002);
 Thomas v. Wichita Gen. Hosp.
, 952 S.W.2d 936, 941 (Tex. App.—Fort Worth 1997, pet. denied).  It was designed to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates.  
Hickson v. Moya
, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). Chapter fourteen does not state causes of action on which an inmate may file a lawsuit against a prison official. 
 Tex. Civ. Prac. & Rem. Code Ann
. ch. 14.  Additionally, state law does not recognize a cause of action for prison officials’ negligent or even grossly negligent failure to enforce rules applicable to inmates.  
See Johnson v. Kinney
, 893 S.W.2d 271, 272–73 (Tex. App.—Houston [1st Dist.] 1995, no writ).  Accordingly, we hold that Westbrook failed to state a cause of action that would allow him to recover.  We overrule Westbrook’s first issue.

C.  
Failure to Notify Appellant that Lawsuit Was on Dismissal
 
Docket

In his second issue, Westbrook argues that the trial court erred when it dismissed his lawsuit without notifying him as required by Texas Rule of Civil Procedure 165a(1).  
Tex R. Civ. P. 
165a(1).  However, rule 165(a)(1) deals exclusively with dismissals for want of prosecution.  
Id
.  This case was dismissed on a plea to the court’s jurisdiction, not for want of prosecution.  Therefore, we overrule Westbrook’s second issue.

D.  
Failure to Grant Motion for No-Answer Default Judgment

In his third issue, Westbrook asserts that the trial court erred when it failed to grant his motion for a no-answer default judgment.  A no-answer default judgment may not be entered against a defendant after he has filed an answer. 
 Davis v. Jefferies
, 764 S.W.2d 559, 560 (Tex. 1989).  Westbrook filed his motions on April 14, 2003, and the employees filed their answer on April 28, 2003.  Because the employees filed their answer before a hearing was held on Westbrook’s motions, the trial court was correct in not granting Westbrook’s motion for default judgment.  Therefore, we overrule Westbrook’s third issue.

E.  
Dismissal of Section 1983 Claim

In his fourth issue, Westbrook contends that the trial court abused its discretion when it dismissed his section 1983 claim under a plea to the jurisdiction.  An original pleading which sets forth a claim for relief must contain a short statement of the cause of action sufficient to give fair notice of the claim involved.  
Tex. R. Civ. P. 
47(a).  Westbrook did not state a cause of action under 42 U.S.C. § 1983.  42 U.S.C. § 1983 (2003).  Therefore, the trial court acted properly.  We overrule Westbrook’s fourth issue.

F.  Failure to Rule on Motion to Reinstate and Request for Findings 

of Fact and Conclusions of Law

In his fifth issue, Westbrook argues that the trial court abused its discretion by failing to rule on his motion to reinstate pursuant to Texas Rule of Civil Procedure 
165
(a)(4).  Rule 165(a) applies to dismissals for want of prosecution. 
Tex. R. Civ. P. 165
(a).  As previously stated, this case was dismissed on a plea to the jurisdiction, not for want of prosecution.  Consequently, rule 165(a) does not apply in this case. 
 Id.

Additionally, Westbrook asserts that the trial court abused its discretion  by not issuing findings of fact and conclusions of law as requested pursuant to
 Texas Rule of Civil Procedure 296.  Rule 296 applies to cases that are tried without a jury.  
Tex. R. Civ. P.
 296.  Here, the trial court dismissed Westbrook’s case prior to trial.  Therefore, rule 296 is not applicable.  We overrule Westbrook’s fifth issue.

IV.  Conclusion

After reviewing the record, we hold that the trial court properly granted  Appellees’ plea to the jurisdiction because Westbrook failed to state any recoverable cause of action.  Accordingly, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and GARDNER, JJ.

DELIVERED:  December 16, 2004

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Patti Bell was not listed on the cover of Appellees’ brief.  However, the record does not show that she was dismissed from the lawsuit.  Therefore, the trial court’s final dismissal order dismissed Westbrook’s claims against her, and she is properly a party to this appeal.

3:
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999); 
Levatte v. City of Wichita Falls
, 144 S.W.3d 218, 222 (Tex. App.—Fort Worth 2004, no pet.).  In his brief, Westbrook asks this court to apply an abuse of discretion standard of review to the trial court’s granting of the Appellees’ plea to the jurisdiction.  However, because we are required to review a trial court’s ruling on a plea to the jurisdiction de novo, we apply that standard of review to this case.  
See
 
Mayhew
, 964 S.W.2d at 928; 
Levatte
, 144 S.W.3d at 222.