COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-087-CV

JOHNNIE RANDOLPH, CHARLES MITCHELL, CHARLIE R. SMITH, GRANT POUNCEY, BARBARA POUNCEY, WHREA BOOKER, LORENZO LEE, VICKI LEE, DELORES LINTON, LILLIAN MAYS, NELLINE BRIDGEWATER, JOE BRIDGEWATER, BEN ASHER, LUCILLE WILLIAMS, SANDRA WILLIAMS, ET AL.

APPELLANTS

V.

H. BERNARD MONTGOMERY, JR., JAMES D. SCOTT, SHERRY SIMMONS, LISE’ COOPER, AND BRUCE LEE

APPELLEES

------------

FROM THE 
17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants, members of the Fellowship Baptist Church of Fort Worth (“the Church”), appeal from the trial court’s order granting the plea to the jurisdiction filed by Appellee H. Bernard Montgomery, Jr., the Church’s pastor, and Appellees James D. Scott, Sherry Simmons, Lise’ Cooper, and Bruce Lee, the other members of the Church’s governing board.  Because we hold that the trial court does have jurisdiction in the matter, we reverse the trial court’s judgment and remand.

The Church is incorporated under the Texas Non-Profit Corporation Act
(footnote: 2)  (“the Act”) but has never adopted bylaws or a constitution to govern church affairs.  The Church is a congregational church as that term is defined under Texas law.
(footnote: 3)
 Appellants, longtime members of the Church, had been calling for a church meeting to consider the recall of Montgomery, as well as other church business.  After delivering his sermon during a regular worship service on November 20, 2005, Montgomery announced that a business meeting would commence.  No other notice was given, and members not present for the service had no notice that a business meeting would be held that day.  At the meeting, Montgomery called for a vote on whether the pulpit should be declared vacant.  He stated that if he won that vote, the next vote would be on a motion to remove from membership those who had signed a petition to remove him or those who had voted to declare the pulpit vacant.  As a result of both votes, Appellants, with the exception of Johnnie Randolph, were removed from the membership rolls of the Church.

Appellants then filed suit alleging fraud and violation of the Act, seeking, among other things, injunctive relief enjoining Appellees from refusing to recognize Appellants as members of the Church.  Specifically, Appellants claimed that Appellees, and in particular Montgomery, violated article 1396-2.11(B) of the Act.
(footnote: 4)  That provision of the Act provides that a nonprofit corporation must give notice of meetings, and if the corporation is a church, notice is sufficient if given “by oral announcement at a regularly scheduled worship service prior to such meeting, or as otherwise provided in its articles of incorporation or its bylaws.”
(footnote: 5)  Appellants claimed that the announcement at the church worship service that a meeting would be held without first adjourning the regular worship service is not adequate notice under the Act.  Appellants requested the trial court to refer the matter to mediation or alternatively appoint a neutral person to conduct a membership meeting after notice.  

Appellees responded by filing a plea to the jurisdiction.  The trial court  granted the plea after a hearing, determining that the dispute was purely ecclesiastical and that the court therefore lacked subject matter jurisdiction. 

A plea to the jurisdiction is a challenge to the trial court’s subject matter jurisdiction over the cause of action.
(footnote: 6)  Because the issue of whether a court has subject matter jurisdictions is a question of law, we review de novo a trial court’s ruling on a plea to the jurisdiction.
(footnote: 7)  We consider only the plaintiff’s pleadings and the evidence relevant to the jurisdictional inquiry and do not weigh the merits of the claim.
(footnote: 8)
 Appellants argue that the trial court committed error by granting Appellees’ motion to dismiss for lack of subject matter jurisdiction.  They contend that determining whether Appellees complied with the Act’s notice requirement does not require the court to interfere with a purely ecclesiastical matter.  Appellees respond that Appellants’ lawsuit does involve purely ecclesiastical matters and therefore the trial court correctly granted Appellees’ plea to the jurisdiction
.

The First Amendment of the United States Constitution “prohibits civil courts from intruding into the church’s governance of ‘religious’ or ‘ecclesiastical’ matters, such as theological controversy, church discipline, ecclesiastical government, or the conformity of members to standards of morality.”
(footnote: 9)  But the Constitution does not bar all claims touching on religious conduct,
(footnote: 10) and civil courts have jurisdiction over matters involving civil, contract, or property rights, “even though they stem from a church controversy.”
(footnote: 11) 

We agree with Appellants that this issue does not require the trial court to intrude into ecclesiastical matters.  The Church incorporated under the Act and thereby became “amenable to the provisions of that statute.”
(footnote: 12) 
 
In asking the trial court to determine whether proper notice had been given, “[t]he trial court was merely called upon to uphold the plain language of the Act” and was asked only “to enforce a neutral principle of law.”
(footnote: 13)  
As our sister court has recognized, “[t]his judicial function does not jeopardize the ability of religious organizations to establish religious doctrine or develop their internal rules and regulations, nor does it implicate secular interests in purely ecclesiastical matters; therefore, First Amendment principles are not offended.”
(footnote: 14) 
 We therefore hold that the trial court had subject matter jurisdiction and erred by granting Appellees’ plea to the jurisdiction.

Conclusion

Because we hold that the trial court had subject matter jurisdiction and erred by granting the plea to the jurisdiction, we reverse the trial court’s judgment and remand the case to the trial court.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:
  February 8, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Act of Apr. 23, 1959, R.S., 56th Leg., ch. 162, art. 2.11, 1959 Tex. Gen. Laws 286, 293-94 (amended 1993) (current version at 
Tex. Bus. Orgs
. 
§ 22.156 (Vernon 2006)
).

3:
See Presbytery of the Covenant v. First Presbyterian Church of Paris
,
 Inc.
, 552 S.W.2d 865, 870 (Tex. Civ. App.—Texarkana 1977, no writ) (A congregational church is a church that, “by the nature of its organization, is strictly independent of any other ecclesiastical association and, so far as church government is concerned, owes no fealty or obligation to any higher authority.”).

4:
Act of Apr. 23, 1959, R.S., 56th Leg., ch. 162, art. 2.11, 1959 Tex. Gen. Laws 286, 293-94
 (amended 1993)
.  Former 
Tex. Rev. Civ. Stat. Ann.
 art. 1396-2.11(B) (Vernon 2003), was repealed and codified at 
Tex. Bus. Orgs
. § 22.156 (Vernon 2006)
.

5:
Id
.

6:
Bland Indep. Sch. Dist. v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).

7:
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998),
 cert. denied
, 526 U.S. 1144 (1999); 
Levatte v. City of Wichita Falls
, 144 S.W.3d 218, 222 (Tex. App.—Fort Worth 2004, no pet.).

8:
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002).

9:
Dean v. Alford
, 994 S.W.2d 392, 395 (Tex. App.—Fort Worth 1999, no pet.) (citing 
Serbian E. Orthodox Diocese v. Milivojevich
, 426 U.S. 696, 708-09, 724-25, 96 S. Ct. 2372, 2380, 2387-88 (1976)).

10:
Tilton v. Marshall
, 925 S.W.2d 672, 677 (Tex. 1996); 
Penley v. Westbrook
, 146 S.W.3d 220, 231 (Tex. App.—Fort Worth 2004, pet. granted);
 
In re Pleasant Glade Assembly of God
, 991 S.W.2d 85, 89 (Tex. App.—Fort Worth 1998, orig. proceeding).

11:
Dean
, 994 S.W.2d at 395 (citing
 Watson v. Jones
, 80 U.S. (13 Wall.) 679, 732-33 (1871)).

12:
Lacy v. Bassett
,132 S.W.3d 119, 126 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

13:
Id. 

14:
Id.