COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-087-CV

 

 

 




 
 
  
 JOHNNIE
 RANDOLPH, CHARLES MITCHELL, CHARLIE R. SMITH, GRANT POUNCEY, BARBARA POUNCEY,
 WHREA BOOKER, LORENZO LEE, VICKI LEE, DELORES LINTON, LILLIAN MAYS, NELLINE
 BRIDGEWATER, JOE BRIDGEWATER, BEN ASHER, LUCILLE WILLIAMS, SANDRA WILLIAMS,
 ET AL.
  
 
 
  
 APPELLANTS
 
 




 

                                                   V.

 

 




 
 
  
 H. BERNARD MONTGOMERY, JR.,
 JAMES D. SCOTT, SHERRY SIMMONS, LISE= COOPER, AND BRUCE LEE
 
 
  
 APPELLEES
 
 




 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 








                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellants, members of the
Fellowship Baptist Church of Fort Worth (Athe Church@), appeal
from the trial court=s order
granting the plea to the jurisdiction filed by Appellee H. Bernard Montgomery,
Jr., the Church=s pastor,
and Appellees James D. Scott, Sherry Simmons, Lise= Cooper, and Bruce Lee, the other members of the Church=s governing board.  Because we
hold that the trial court does have jurisdiction in the matter, we reverse the
trial court=s judgment
and remand.

The Church is incorporated
under the Texas Non-Profit Corporation Act[2]  (Athe Act@) but has
never adopted bylaws or a constitution to govern church affairs.  The Church is a congregational church as that
term is defined under Texas law.[3]








Appellants, longtime members
of the Church, had been calling for a church meeting to consider the recall of
Montgomery, as well as other church business. 
After delivering his sermon during a regular worship service on November
20, 2005, Montgomery announced that a business meeting would commence.  No other notice was given, and members not
present for the service had no notice that a business meeting would be held
that day.  At the meeting, Montgomery
called for a vote on whether the pulpit should be declared vacant.  He stated that if he won that vote, the next
vote would be on a motion to remove from membership those who had signed a
petition to remove him or those who had voted to declare the pulpit
vacant.  As a result of both votes,
Appellants, with the exception of Johnnie Randolph, were removed from the
membership rolls of the Church.








Appellants then filed suit
alleging fraud and violation of the Act, seeking, among other things,
injunctive relief enjoining Appellees from refusing to recognize Appellants as
members of the Church.  Specifically, Appellants
claimed that Appellees, and in particular Montgomery, violated article
1396-2.11(B) of the Act.[4]  That provision of the Act provides that a
nonprofit corporation must give notice of meetings, and if the corporation is a
church, notice is sufficient if given Aby oral announcement at a regularly scheduled worship service prior to
such meeting, or as otherwise provided in its articles of incorporation or its
bylaws.@[5]  Appellants claimed that the
announcement at the church worship service that a meeting would be held without
first adjourning the regular worship service is not adequate notice under the
Act.  Appellants requested the trial
court to refer the matter to mediation or alternatively appoint a neutral
person to conduct a membership meeting after notice.  

Appellees responded by filing
a plea to the jurisdiction.  The trial
court  granted the plea after a hearing,
determining that the dispute was purely ecclesiastical and that the court
therefore lacked subject matter jurisdiction. 








A plea to the jurisdiction is
a challenge to the trial court=s subject matter jurisdiction over the cause of action.[6]  Because the issue of whether a court has
subject matter jurisdictions is a question of law, we review de novo a trial
court=s ruling on a plea to the jurisdiction.[7]  We consider only the plaintiff=s pleadings and the evidence relevant to the jurisdictional inquiry
and do not weigh the merits of the claim.[8]

Appellants argue that the
trial court committed error by granting Appellees= motion to dismiss for lack of subject matter jurisdiction.  They contend that determining whether
Appellees complied with the Act=s notice requirement does not require the court to interfere with a
purely ecclesiastical matter.  Appellees
respond that Appellants= lawsuit
does involve purely ecclesiastical matters and therefore the trial court
correctly granted Appellees= plea to the jurisdiction.








The First Amendment of the
United States Constitution Aprohibits civil courts from intruding into the church=s governance of >religious= or >ecclesiastical= matters, such as theological controversy, church discipline,
ecclesiastical government, or the conformity of members to standards of
morality.@[9]  But the Constitution does not
bar all claims touching on religious conduct,[10]
and civil courts have jurisdiction over matters involving civil, contract, or
property rights, Aeven though
they stem from a church controversy.@[11] 

We agree with Appellants that
this issue does not require the trial court to intrude into ecclesiastical
matters.  The Church incorporated under
the Act and thereby became Aamenable to the provisions of that statute.@[12]  In asking the trial
court to determine whether proper notice had been given, A[t]he trial court was merely called upon to uphold the plain language
of the Act@ and was
asked only Ato enforce a
neutral principle of law.@[13]  As our sister court has
recognized, A[t]his
judicial function does not jeopardize the ability of religious organizations to
establish religious doctrine or develop their internal rules and regulations,
nor does it implicate secular interests in purely ecclesiastical matters;
therefore, First Amendment principles are not offended.@[14]  We
therefore hold that the trial court had subject matter jurisdiction and erred
by granting Appellees= plea to the
jurisdiction.








                                           Conclusion

Because we hold that the
trial court had subject matter jurisdiction and erred by granting the plea to
the jurisdiction, we reverse the trial court=s judgment and remand the case to the trial court.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: 
February 8, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Act of Apr. 23, 1959, R.S., 56th
Leg., ch. 162, art. 2.11, 1959 Tex. Gen. Laws 286, 293-94 (amended 1993)
(current version at Tex. Bus. Orgs.
' 22.156 (Vernon 2006)).





[3]See
Presbytery of the Covenant v. First Presbyterian Church of Paris, Inc.,
552 S.W.2d 865, 870 (Tex. Civ. App.CTexarkana 1977, no writ) (A
congregational church is a church that, Aby the nature of its
organization, is strictly independent of any other ecclesiastical association
and, so far as church government is concerned, owes no fealty or obligation to
any higher authority.@).





[4]Act of Apr. 23, 1959, R.S., 56th
Leg., ch. 162, art. 2.11, 1959 Tex. Gen. Laws 286, 293-94 (amended 1993).  Former Tex.
Rev. Civ. Stat. Ann. art. 1396-2.11(B) (Vernon 2003), was repealed and
codified at Tex. Bus. Orgs.
' 22.156 (Vernon 2006).





[5]Id.





[6]Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).





[7]Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert.
denied, 526 U.S. 1144 (1999); Levatte v. City of Wichita Falls, 144
S.W.3d 218, 222 (Tex. App.CFort Worth 2004, no pet.).





[8]County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).





[9]Dean
v. Alford, 994 S.W.2d 392, 395 (Tex. App.CFort
Worth 1999, no pet.) (citing Serbian E. Orthodox Diocese v. Milivojevich,
426 U.S. 696, 708‑09, 724‑25, 96 S. Ct. 2372, 2380, 2387‑88
(1976)).





[10]Tilton
v. Marshall, 925 S.W.2d 672, 677 (Tex. 1996); Penley v.
Westbrook, 146 S.W.3d 220, 231 (Tex. App.CFort
Worth 2004, pet. granted); In re Pleasant Glade Assembly of God, 991
S.W.2d 85, 89 (Tex. App.CFort
Worth 1998, orig. proceeding).





[11]Dean, 994
S.W.2d at 395 (citing Watson v. Jones, 80 U.S. (13 Wall.) 679, 732‑33
(1871)).





[12]Lacy
v. Bassett,132 S.W.3d 119, 126 (Tex. App.CHouston
[14th Dist.] 2004, no pet.).





[13]Id. 





[14]Id.