Mark DOYAL, Appellant,

v.

JOHNSON COUNTY, Texas, Martin L. Griffith, Jr., Sheriff of Johnson County and Dr. Arthur Raines, M.D., County Health Officer, Appellees.

No. 10–01–211–CV.

Court of Appeals of Texas, Waco.

May 15, 2002.

Okon J. Usoro, Houston, for appellant.

Robert T. Bass, Vanessa A. Gonzalez, Allison, Bass & Associates, L.L.P., Austin, for appellees.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

REX D. DAVIS, Chief Justice.

Mark Doyal filed suit against Johnson County, Sheriff Martin L. Griffith, Jr., and County Health Officer Dr. Arthur Raines for injuries he sustained when he was assaulted by fellow inmates in the county jail. The trial court granted the County's plea to the jurisdiction premised on sovereign immunity and Griffith's and Raines's summary judgment motions also premised on immunity.[1] Doyal presents three issues in which he challenges these rulings.

Doyal alleges in his petition that he asked jail employees to make arrangements for his safety after other inmates threatened him. He sustained the injuries complained of at some point thereafter. He contends that Dr. Raines placed him in a ward with mental patients "causing said patients to inflict more injuries on the Plaintiff." His petition concludes, "Defendants are liable under the Texas Tort Claims Act, Section 101.021(2), for the negligent use or non-use of real property."

Doyal alleges in his first issue that the County's immunity from suit is waived un-

---

1. Griffith and Raines properly asserted their immunity from liability claims in a summary judgment motion rather than by a plea to the jurisdiction. *Cf. Texas Dep't of Mental Health & Mental Retardation v. Pearce,* 16 S.W.3d 456, 459 (Tex.App.-Waco 2000, pet. dism'd w.o.j.) (government employees "improperly asserted their claims of immunity from liability by way of a plea to the jurisdiction").

**140**

der the Tort Claims Act because of the defendants' "failure to use real property (the jail) to segregate the Appellant from the other inmates." Texas courts have consistently held that such allegations do not suffice to establish a waiver of immunity under the Tort Claims Act. *See, e.g., Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998); *Texas Dep't of Mental Health & Mental Retardation v. Pearce,* 16 S.W.3d 456, 460–61 (Tex.App.-Waco 2000, pet. dism'd w.o.j.). Accordingly, Doyal's first issue is without merit.

Doyal alleges in his second and third issues that Sheriff Griffith and Dr. Raines are liable because of their negligent implementation of county policies. They respond that, because the County is immune, so are they. They are correct. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997); *Bossley,* 968 S.W.2d at 343–44; *Lowry v. Pearce,* 72 S.W.3d 752, 754–55 (Tex.App.-Waco 2002, no pet. h.). Accordingly, Doyal's second and third issues are without merit.

We affirm the judgment.