The TEXAS PARKS AND WILDLIFE DEPARTMENT, Doug Hammitt, and Marvin C. Wills, Jr., Appellants,

v.

E.E. LOWREY REALTY, LTD. d/b/a Gatesville Storage and the Estate of E.E. Lowrey, Appellees.

No. 10–02–00317–CV.

Court of Appeals of Texas, Waco.

Nov. 3, 2004.

Rehearing Overruled Jan. 25, 2005.

Cherie K. Batsel, Asst. Atty. General–Tort Litigation Div., Austin, for appellants.

Robert F. Salter, Gatesville, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.[*]

## OPINION

BILL VANCE, Justice.

This is an interlocutory appeal of the denial of a plea to the jurisdiction. E.E.

Lowrey Realty, Ltd. and the estate of E.E. Lowrey (collectively "Lowrey") brought suit against the Texas Parks and Wildlife Department and Doug Hammitt and Marvin C. Wills, Jr., employees of the Department, for fire damage to premises owned by Lowrey and leased by the Department to store a boat. Lowrey's petition alleged that the negligence of the employees in installing lights on the boat caused a fire and that the Department breached its lease agreement by not compensating Lowrey for damages to the premises. The Department, Hammitt, and Wills filed pleas to the jurisdiction, contending that sovereign immunity bars Lowrey's claims. The trial court overruled the plea.

The Department, Hammitt, and Wills complain on appeal that the trial court erred in: (1) making findings of fact, (2) overruling the plea to the jurisdiction as to the breach-of-contract claim, and (3) overruling the plea as to the tort claim. We will dismiss the employees' appeals. We will also reverse the trial court's order and remand the cause for further proceedings.

## CLAIMS AGAINST THE EMPLOYEES

Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of the grant or denial of a governmental unit's plea to the jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004). The right to such an appeal does not, however, extend to an employee of the governmental unit, even when the employee is a codefendant with the governmental unit. *See Castleberry Indep. Sch. Dist. v. Doe*, 35 S.W.3d 777, 780 (Tex.App.-Fort Worth 2001, pet. dism'd w.o.j.); *Univ. of*

[*] This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. *See* TEX.R.APP. P. 41.1(c). Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.

*Houston v. Elthon,* 9 S.W.3d 351, 354 (Tex. App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *Dallas County Community College Dist. v. Bolton,* 990 S.W.2d 465, 467 (Tex. App.-Dallas 1999, no pet.); *but see Nueces County v. Ferguson,* 97 S.W.3d 205, 210 n. 2 (Tex.App.-Corpus Christi 2002, no pet.).

■ We requested that the employees show grounds for continuing the appeal. In a letter-brief, the Attorney General argues that, although an employee named in an individual capacity may not appeal, an employee named in an official capacity should enjoy the benefit of the statute allowing an interlocutory appeal. He points to decisions saying that a suit filed against an employee in an official capacity is an attempt to impose liability on the State and therefore the suit is in actuality against the governmental unit. *See, e.g., Vela v. Rocha,* 52 S.W.3d 398, 403 (Tex. App.-Corpus Christi 2001, no pet.). The employee may raise any defense available to the governmental unit, including sovereign immunity, when sued in an official capacity.[1] *See, e.g., Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex.App.-El Paso 1993, writ dism'd w.o.j.). Because both the governmental unit and the employee are "the state" in that circumstance, the Attorney General reasons, an employee sued in an official capacity should be allowed to appeal an adverse ruling on a plea to the jurisdiction based on sovereign immunity.

We are faced, however, with the plain meaning of the words used in the statute— "governmental unit." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (referring to the definition in section 100.101); *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997) ("The Legislature's intent is determined from the plain and common meaning of the words used.").

Hammitt and Wills are individuals, not governmental units.

Alternatively, the Attorney General asks us to treat the employees' pleas to the jurisdiction as a motion for summary judgment, the denial of which would be reviewable under section 51.014(a)(5) of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.2004). We decline the invitation.

We dismiss the appeals of Doug Hammitt and Marvin C. Wills, Jr. for want of jurisdiction to entertain them.

## THE DEPARTMENT'S ISSUES

The Department asserts three issues.

*Findings of Fact*

■ The Department's first issue contends that the trial court erred in making findings of fact. "[N]o statute permits the interlocutory appeal of a trial court's entry of findings of fact." *In re H2O Plumbing, Inc.,* 115 S.W.3d 79, 81 (Tex.App.-San Antonio 2003, orig. proceeding). We dismiss the issue.

*Plea to the Jurisdiction—Tort Claims Act*

■ The Department's third issue contends that the trial court erred in overruling the Department's plea to the jurisdiction—based on sovereign immunity— related to claims under the Texas Tort Claims Act.

■ Unless the state consents, sovereign immunity deprives a trial court of subject matter jurisdiction of suits against the state and certain governmental units. *Texas Department of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). The Tort Claims Act provides a limited waiver of sovereign immunity. *Id.*;

---

1. When sued in his individual capacity, the employee is entitled to raise the defense of official immunity, rather than sovereign immunity. *See Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex.App.-El Paso 1993, writ dism'd w.o.j.).

TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1997 & Supp. 2004). It waives sovereign immunity for tort liability for property damage "aris[ing] from the operation or use of a motor-driven vehicle or motor-driven equipment." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(A) (Vernon 1997). For liability to "arise out of" the use of a vehicle, there must be a nexus between the operation or use of the motor-driven vehicle or equipment and the plaintiff's injury. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 543 (Tex.2003); *Tex. Nat. Resource Conservation Com'n v. White,* 46 S.W.3d 864, 869 (Tex.2001). The burden rests with the plaintiff to plead facts that affirmatively show that the court has jurisdiction.[2] *Godley ISD v. Woods,* 21 S.W.3d 656, 658 (Tex.App.-Waco 2000, pet. denied). Our review of the trial court's ruling on a plea to the jurisdiction is *de novo. Id.; Miranda,* 133 S.W.3d at 226.

Lowrey's petition does not allege operation or any use of the boat, or any other item, as a vehicle or as motor-driven equipment. Thus, the claim does not fall within the exception to sovereign immunity. Accordingly, the trial court erred in denying the plea to the jurisdiction, and we sustain the Department's third issue.

*Plea to the Jurisdiction—Breach of Contract Claim*

Although Lowrey's counsel appears to have conceded the second issue at the trial court's hearing on the plea to the jurisdiction, the Department asserts sovereign immunity related to Lowrey's breach-of-contract claim. Lowrey's brief does not respond to this issue.

■ The State does not waive immunity from suit simply by contracting with a private person. *General Services Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex.2001). Legislative consent to sue is still necessary. *Id.; see also Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 408 (Tex.1997); TEX. GOV'T CODE ANN. § 2260.007 (Vernon Supp.2004).

Finding no consent to sue the Department, we sustain its second issue.

## CONCLUSION

We reverse the trial court's denial of the Department's plea to the jurisdiction. Because the trial court ruled in Lowrey's favor when it denied the Department's plea, Lowrey should be provided an opportunity to amend before the case is dismissed with prejudice. *See Harris County v. Sykes,* 136 S.W.3d 635, 639 (Tex.2004) ("the trial court allowed Sykes to file an amended petition, after which the court made a final adjudication that the Legislature has not waived governmental immunity under the Texas Tort Claims Act with respect to any claim that Sykes brought against Harris County"). We remand the cause for further proceedings consistent with this opinion.

Chief Justice GRAY not participating.

---

**2.** It is now clear that the trial court should consider evidence when necessary to resolve any jurisdictional issues raised. *Texas Department of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 223–24 (Tex.2004).