**TEXAS A & M UNIVERSITY SYSTEM, Texas Engineering Experiment Station and Dr. Mark McLellan, Appellants,**

v.

**Dr. Sefa KOSEOGLU, Appellee.**

No. 10–03–00375–CV.

Court of Appeals of Texas, Waco.

March 9, 2005.

Robert F. Johnson, III, Asst. Atty. General, Austin, for state.

Wayne T. Rife, Law Office of Wayne T. Rife, College Station, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Sefa Koseoglu filed a breach of contract suit against the Texas A & M University System, the Texas Engineering Experiment Station, and his supervisor Mark McLellan contending that they breached a settlement agreement between Koseoglu and Texas A & M negotiated to resolve an employment dispute. Texas A & M[1] and McLellan filed pleas to the jurisdiction premised on sovereign immunity and pleaded the affirmative defense of sovereign immunity in their answers to Koseoglu's petition.

---

1. As used hereinafter, the term "Texas A & M" refers collectively to the Texas A & M University System and the Texas Engineering Experiment Station unless otherwise indicated.

Koseoglu filed a motion for summary judgment asserting his entitlement to judgment as a matter of law on the merits of his contract claim and further contending that sovereign immunity was waived because of a denial of due process with respect to an employment contract he had with Texas A & M. After a hearing, the trial court denied Appellants' pleas to the jurisdiction. This interlocutory appeal ensued.

Appellants contend in their sole issue that sovereign immunity has not been waived. Koseoglu responds that sovereign immunity has been waived because: (1) Texas A & M accepted the benefits of the settlement agreement; and (2) the settlement agreement was reached to resolve Texas A & M's liability on a due process claim for which immunity from suit has been waived. Koseoglu contends, in the alternative, that he should be permitted an opportunity to amend his pleadings before his suit is dismissed.

Because no statute vests this Court with jurisdiction to consider McLellan's appeal, we will dismiss his portion of this appeal for want of jurisdiction. Because Koseoglu has failed to allege facts which demonstrate a waiver of sovereign immunity, we will reverse and remand as to Texas A & M.

## This Court Does Not Have Jurisdiction To Review The Denial Of A Government Employee's Plea To The Jurisdiction Premised On Sovereign Immunity In An Interlocutory Appeal

■ "A party may not appeal an interlocutory order unless authorized by statute." *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex.2001). The statute at issue here is section 51.014 of the Civil Practice and Remedies Code, which provides in pertinent part that an interlocutory appeal may be taken from an order which "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001."[2] TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004–2005). Section 51.014 must "be strictly construed as 'a narrow exception to the general rule that only final judgments and orders are appealable.'" *Bally Total Fitness*, 53 S.W.3d at 355 (quoting *Montgomery County v. Fuqua*, 22 S.W.3d 662, 665 (Tex.App.-Beaumont 2000, pet. denied)).

■ The Clerk of this Court notified McLellan by letter[3] that his appeal from the denial of his plea to the jurisdiction appears subject to dismissal for want of jurisdiction because it is not authorized by statute. *See Tex. Parks & Wildlife Dept.*

**2.** Section 101.001(3) of the Civil Practice and Remedies Code defines a "governmental unit" as:

(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control

and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (Vernon Supp.2004–2005).

**3.** *See* TEX.R.APP. P. 42.3(a)

*v. E.E. Lowrey Realty, Ltd.,* 155 S.W.3d 456, 457–458 (Tex.App.-Waco, no pet. h.). In response, McLellan notes that this Court has issued apparently conflicting rulings on this issue in the past six months. *Compare Lowrey Realty,* 155 S.W.3d at 457–458, *with Brazos County v. Tullous,* No. 10–04–00020–CV, 2004 WL 1574889, at *1, 2004 Tex.App. LEXIS 6094, at *1–2 (Tex.App.-Waco July 7, 2004, no pet.) (mem.op.). We conclude, however, that these decisions are consistent.

In *Lowrey Realty,* this Court held that it did not have jurisdiction to entertain a similar appeal by employees of the Texas Parks and Wildlife Department because such employees "are individuals, not governmental units" and thus cannot pursue an interlocutory appeal under section 51.014(a)(8). 155 S.W.3d at 458. In *Tullous* however, this Court reached the opposite conclusion with regard to the Sheriff of Brazos County. 2004 WL 1574889, at *1, 2004 Tex.App. LEXIS 6094, at *1–2. Because the office of sheriff is one "derived from the Constitution," a sheriff is a "governmental unit" under section 101.001(3)(D) and thus under section 51.014(a)(8). *See* Tex. Const. art. V, § 23; Tex. Gov't Code Ann. § 101.001(3)(D); *Perry v. Del Rio,* 53 S.W.3d 818, 820–23 (Tex.App.-Austin), *dism'd as moot,* 66 S.W.3d 239, 242 (Tex.2001).

Other courts have reached the same conclusion with regard to other elected officials whose offices are "derived from the Constitution." *See Potter County Atty.'s Off. v. Stars & Stripes Sweepstakes, L.L.C.,* 121 S.W.3d 460, 464–65 (Tex.App.-Amarillo 2003, no pet.) (county attorney[4]); *Cornyn v. 52 Members of Schoppa Family,* 70 S.W.3d 895, 898 (Tex.App.-Amarillo

2001, no pet.) (attorney general[5]); *Perry,* 53 S.W.3d at 820–23 (governor, lieutenant governor, and secretary of state[6]); *see also McLane Co. v. Strayhorn,* 148 S.W.3d 644 (Tex.App.-Austin 2004, pet. filed) (comptroller[7]); *Nueces County v. Ferguson,* 97 S.W.3d 205, 210 & n. 2 (Tex.App.-Corpus Christi 2002, no pet.) (sheriff).

Some courts have extended this principle to government employees in general. *See e.g. De Mino v. Sheridan,* No. 01–03–00794–CV, — S.W.3d —, — – —, 2004 WL 1794558, at *2–3, 2004 Tex.App. LEXIS 7252, at *8–10 (Tex.App.-Houston [1st Dist.] Aug. 12, 2004, no pet.) (university provost); *Potter County Atty.'s Off.,* 121 S.W.3d at 464–65 (police chief); *see also Smith v. Lutz,* 149 S.W.3d 752 (Tex.App.-Austin 2004, no pet.) (university employees). However, because none of these positions is created by the constitution or by statute, we disagree with the conclusion reached by these courts. *See Perry,* 53 S.W.3d at 820–23.

McLellan calls our attention to language in *De Mino* discussing the potential waste of judicial resources which may result from a restrictive reading of section 51.014. "Such a narrow reading would potentially result in a waste of judicial resources if a reviewing court later determined that the trial court's ruling on the plea was improper." *De Mino,* — S.W.3d at — n.14, 2004 WL 1794558, at *2 n.14, 2004 Tex.App. LEXIS 7252, at *9 n. 14. However, a "narrow reading" is precisely what we believe the law requires when our Supreme Court states that the statute must be "strictly construed." *Bally Total Fitness,* 53 S.W.3d at 355.

■ The implication of *De Mino* that such a narrow reading thwarts the legisla-

---

**4.** *See* Tex. Const. art. V, § 21.

**5.** *Id.* art. IV, § 1.

**6.** *Id.*

**7.** *Id.*

tive purpose of providing prompt review of interlocutory rulings on the immunity claims of government employees is simply incorrect. Section 51.014(a)(5) provides government officers and employees another avenue for an interlocutory appeal.[8] *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.2004–2005). Thus, a government employee need not wait until after the conclusion of the parties' litigation to seek appellate review when a trial court denies the government employee's claim of immunity, if the employee raises that claim by motion for summary judgment. *See e.g. Doyal v. Johnson County,* 79 S.W.3d 139, 139 & n. 1 (Tex.App.-Waco 2002, no pet.) (interlocutory appeal from grant of county's plea to the jurisdiction and county employees' summary judgment motions both premised on immunity).

McLellan is not a "governmental unit." *Lowrey Realty,* 155 S.W.3d at 458; *Castleberry Indep. Sch. Dist. v. Doe,* 35 S.W.3d 777, 779–80 (Tex.App.-Fort Worth 2001, pet. dism'd w.o.j.); *Univ. of Houston v. Elthon,* 9 S.W.3d 351, 354 (Tex. App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *Johnson v. Resendez,* 993 S.W.2d 723, 728 (Tex.App.-Dallas 1999), *pet. dism'd,* 52 S.W.3d 689 (Tex.2001). Therefore, we dismiss that portion of this appeal brought by McLellan for want of jurisdiction.

## A Plaintiff Suing A Governmental Unit Must Allege Sufficient Facts To Establish A Waiver Of Immunity

■ "When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent."

*County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). When a plaintiff presents summary judgment evidence to establish jurisdiction, we must also examine that evidence. *Tex. Dept. of Crim. Just. v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001). The focus of our inquiry is whether the plaintiff has alleged sufficient *facts* to establish a waiver of immunity. *See County of Cameron,* 80 S.W.3d at 555; *Cozby v. City of Waco,* 110 S.W.3d 32, 36 (Tex.App.-Waco 2002, no pet.).

## Because The Supreme Court Has Not Yet Recognized A Waiver Of Immunity By Acceptance Of Contract Benefits, We Will Not Do So Either

■ In *Federal Sign v. Texas Southern University,* the Supreme Court hinted that "[t]here may be other circumstances where the State may waive its immunity by conduct other than simply executing a contract." 951 S.W.2d 401, 408 n. 1 (Tex. 1997). Nevertheless, on every occasion since, when the Court has been asked to recognize a "waiver-by-conduct" exception, it has declined. *See e.g. Catalina Dev., Inc. v. County of El Paso,* 121 S.W.3d 704, 706 (Tex.2003); *Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 251–52 (Tex. 2002); *Tex. Nat. Resource Conservation Commn. v. IT–Davy,* 74 S.W.3d 849, 857 (Tex.2002) (plurality); *Gen. Servs. Commn. v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 598 (Tex.2001).

Because of this, several intermediate appellate courts have declined to recognize such an exception absent further guidance from the Supreme Court. *See e.g. Noah v. Univ. of Tex. Med. Branch at Galveston,* No. 01–03–00985–CV, — S.W.3d —, — – —, 2004 WL 1794642, 2004 Tex. App. LEXIS 7239, at *20–21 (Tex.App.-

---

**8.** Section 51.014(a)(5) provides for the interlocutory appeal of an order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.2004–2005).

Houston [1st Dist.] Aug. 12, 2004, pet. denied); *Smith,* 149 S.W.3d at 758; *Univ. of Tex. Med. Branch at Galveston v. Harrison,* No. 14–02–01276–CV, 2003 WL 21803314, at *2 n. 2, 2003 Tex.App. LEXIS 6768, at *4 n. 2 (Tex.App.-Houston [14th Dist.] Aug. 7, 2003, pet. denied) (mem.op.). We do likewise.

### Texas A & M's Immunity From Suit Has Not Been Waived For The Due Process Claim Which Koseoglu Alleges To Be The Basis Of The Parties' Settlement Agreement

■ Koseoglu contends in his summary judgment motion that he had an employment contract with Texas A & M and that the termination of his employment constitutes a deprivation of the property rights created by that contract without due process of law. The settlement agreement he entered with Texas A & M was struck to settle his due process claim. Thus, Koseoglu contends that, because sovereign immunity has been waived for due process claims, Texas A & M's immunity has been waived in this case under the reasoning of *Texas A & M Univ.-Kingsville v. Lawson.* 87 S.W.3d 518 (Tex.2002) (plurality). However, Koseoglu is mistaken in his understanding that sovereign immunity has been waived for such claims.

Koseoglu contends that "[s]overeign immunity has been expressly waived to allow a governmental contract employee to file a due-process lawsuit where his employment has been wrongfully terminated without having first afforded him due process. 42 U.S.C. § 1983." Koseoglu cites the Fifth Circuit's decision in *Coats v. Pierre* to support this contention. 890 F.2d 728 (5th Cir.1989). However, the Fifth Circuit did not address the issue of sovereign immunity in that decision.[9]

Nevertheless, the United State Supreme Court has plainly held that a state and its agencies are immune from a section 1983 lawsuit unless the state waives its immunity. *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309–10, 105 L.Ed.2d 45 (1989); *accord Terrell ex rel. Est. of Terrell v. Sisk,* 111 S.W.3d 274, 282 (Tex.App.-Texarkana 2003, no pet.); *Ntreh v. Univ. of Tex. at Dallas,* 936 S.W.2d 649, 652 (Tex.App.-Dallas 1996), *modified on other grounds,* 947 S.W.2d 202 (Tex.1997) (per curiam); *Bagg v. Univ. of Tex. Med. Branch at Galveston,* 726 S.W.2d 582, 585–86 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.).

■ "[I]t is the Legislature's sole province to waive or abrogate sovereign immunity." *Tex. Nat. Resource Conservation Commn.,* 74 S.W.3d at 857. To date, the Legislature has not chosen to do so with respect to section 1983 claims. Accordingly, Texas A & M retains its immunity from Koseoglu's section 1983 claim. Thus, we sustain Texas A & M's sole issue insofar as it contends that Koseoglu has failed to plead sufficient facts to establish a waiver of sovereign immunity. We now address whether Koseoglu should be given an opportunity to amend his pleadings.

### Because Koseoglu's Pleadings Do Not Affirmatively Demonstrate An Incurable Jurisdictional Defect, We Will Reverse And Remand To Provide An Opportunity To Amend The Pleadings

■ Texas A & M contends that, because its plea to the jurisdiction was pend-

---

9. Koseoglu is correct that the Fifth Circuit reviewed the merits of a section 1983 suit filed against a state university (the Board of Regents of the Texas A & M University System) and several faculty members and administrators. *See Coats v. Pierre,* 890 F.2d 728, 731 (5th Cir.1989). However, the issue of sovereign immunity was not addressed. The court instead affirmed the trial court's granting of a directed verdict in the defendants' favor on the merits of the plaintiff's claims. *Id.* at 734.

ing for more than four months before the trial court ruled on it, Koseoglu has had sufficient opportunity to amend his pleadings and no further opportunity should be provided. Koseoglu responds that he does not need to amend the pleadings until a court determines that they are deficient, and thus, he should be provided an opportunity to amend if this Court determines the pleadings to be deficient. We agree with Koseoglu.

The Supreme Court has on several occasions addressed the trial court's obligation to afford a plaintiff a "reasonable opportunity" to amend his pleadings to cure jurisdictional deficiencies. The Court has used somewhat different language on each occasion to discuss the parameters of the opportunity which should be provided.

In *Texas Department of Transportation v. Ramirez*, the Court observed:

A plaintiff has a right to amend her pleadings to attempt to cure pleading defects if she has not alleged enough jurisdictional facts. However, if it is impossible to amend the pleadings to invoke jurisdiction, the trial court should dismiss the plaintiff's suit.

74 S.W.3d 864, 867 (Tex.2002) (citations omitted). The Court declined to allow the plaintiff in *Ramirez* an additional opportunity to amend her pleadings because it concluded that "[t]he pleaded facts and the evidence ... demonstrate that it is impossible for Ramirez to amend the pleadings to invoke jurisdiction." *Id.* at 867–68. Other appellate courts have done likewise. *See e.g. Livecchi v. City of Grand Prairie*, 109 S.W.3d 920, 923 (Tex.App.-Dallas 2003, pet. dism'd by agr.); *City of San Benito v.*

*Ebarb*, 88 S.W.3d 711, 724 (Tex.App.-Corpus Christi 2002, pet. denied).

In *County of Cameron*, the Supreme Court affirmed the lower court's ruling that the defendants' plea to the jurisdiction should have been sustained because the plaintiffs failed to plead that they did not have actual knowledge of the dangerous condition at issue. 80 S.W.3d at 558–59. The Court observed that the plaintiffs' pleadings did not "affirmatively negate the existence of an unreasonably dangerous condition." *Id.* at 559. The Court concluded:

Because the trial court did not rule on the defendants' special exceptions and allow the plaintiffs an opportunity to amend their pleadings, omitting this element cannot support the trial court's judgment. *See Herring*, 513 S.W.2d at 9–10 [10] (holding that when the allegations do not "affirmatively negate" a claim, dismissal for failure to state a claim is appropriate only when the plaintiff has been "given an opportunity to amend after special exceptions have been sustained"); *see also* 7 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 70.03[4][f] [11] (stating that after a trial court sustains special exceptions, "the pleader must be given, as a matter of right, an opportunity to amend").

*Id.* (footnotes added).

Other appellate courts have likewise reversed and remanded in cases in which the plaintiffs' pleadings did not affirmatively demonstrate incurable jurisdictional defects. *See e.g. City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 680 (Tex.App.-Corpus Christi 2004, no pet.);

**10.** *Tex. Dept. of Corrections v. Herring,* 513 S.W.2d 6, 9–10 (Tex.1974).

**11.** The quoted passage from the *Texas Litigation Guide* is currently found in volume 5 of

that work. *See* 5 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 70.03[4][f] (Aug. 2004).

*Potter County Atty.'s Off.*, 121 S.W.3d at 471.

In *Texas Department of Parks and Wildlife v. Miranda,* a plurality of the Supreme Court determined that the plaintiffs were not entitled to any further opportunity to amend their pleadings because they "no doubt filed their third amended petition" in response to the defendant's plea to the jurisdiction. 133 S.W.3d 217, 231 (Tex.2004) (plurality).[12] Lower courts have reached the same conclusion where the plaintiffs amended their petitions in response to a plea to the jurisdiction. *See e.g. Salas v. Wilson Meml. Hosp. Dist.,* 139 S.W.3d 398, 405 (Tex. App.-San Antonio 2004, no pet.); *Save Our Springs Alliance v. City of Austin,* 149 S.W.3d 674, 686 (Tex.App.-Austin 2004, no pet.).

The Supreme Court's most recent holding in this area is *Harris County v. Sykes,* 136 S.W.3d 635 (Tex.2004). This is the case on which Texas A & M places primary reliance. The Court held:

> If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. Before dismissing this case, the trial court allowed Sykes to file an amended petition, after which the court made a final adjudication that the Legislature has not waived governmental immunity under the Texas Tort Claims Act with respect to any claim that Sykes brought against Harris County. Therefore, Sykes is foreclosed from relitigating whether the Texas Tort Claims Act waives immunity in this case.

*Id.* at 639–40.

Texas A & M relies on the first two sentences of this excerpt to support its position. However, we believe the third sentence supports Koseoglu's position. As the Supreme Court observed, *"Before dismissing this case* [which suggests that the trial court had informed the parties of its intent to dismiss], the trial court allowed Sykes to file an amended petition, after which the court made a *final adjudication* [which suggests that the trial court had previously informed the parties of its intent to dismiss] that the Legislature had not waived governmental immunity...." *Id.* at 639 (emphases added).

The Fort Worth Court recently considered a similar case in which, during a hearing on a municipality's plea to the jurisdiction, the plaintiff *asked for additional time to amend his pleadings. Levatte v. City of Wichita Falls,* 144 S.W.3d 218, 225 (Tex.App.-Fort Worth 2004, no pet.). The trial court granted the plaintiff nearly a month to amend, "but Levatte did not respond, choosing instead to stand on his pleadings." *Id.* In addition, Levatte *did not ask the appellate court for an additional opportunity to amend. Id.* Thus, the court concluded, "We cannot say that Levatte should be permitted to amend his pleadings now, after he already had that opportunity and failed to avail himself of it." *Id.*

Our research has disclosed only one case which directly stands for the proposition

---

12. The section of the *Miranda* opinion discussing the plaintiffs' pleadings and their entitlement to an opportunity to amend is the only portion of the opinion which mustered the support of only a plurality. *See Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 220, 229–31 (Tex.2004).

that, if a plea to the jurisdiction remains pending for a sufficient length of time, an appellate court may deny a plaintiff additional time to amend. *See O'Neal v. Tex. Bd. of Chiropractic Examrs.*, No. 03–03–00270–CV, 2004 WL 2027787, at *3 & n. 5, 2004 Tex.App. LEXIS 8254, at *11 & n. 5 (Tex.App.-Austin Sept. 10, 2004, no pet.) (mem.op.). In *O'Neal*, the defendant's plea to the jurisdiction was on file for three months before the trial court heard it. *Id.*, 2004 WL 2027787, at *3, 2004 Tex.App. LEXIS 8254, at *11. The appellate court declined to give the plaintiff further opportunity to amend his pleadings because he "had ample notice of the Board's arguments, but he did not attempt to replead." *Id.* The court specifically noted, "Although, in this case, O'Neal did not choose to amend his pleadings, he was afforded a three-month opportunity to do so." *Id.*, 2004 WL 2027787, at *3 n. 5, 2004 Tex.App. LEXIS 8254, at *11 n. 5. We note that *O'Neal* is procedurally distinguishable from Koseoglu's case, but we also disagree with the conclusion stated.

*O'Neal* is distinguishable from Koseoglu's case because it involved an appeal from a trial court ruling *granting* a plea to the jurisdiction. Thus, the plaintiff was put on notice by the trial court that his pleadings were deficient, yet he did not ask the trial court for an opportunity to amend. *Cf. Levatte*, 144 S.W.3d at 225.

■ This distinction notwithstanding, we hold that a plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless and until a court determines that the plea is meritorious. *See County of Cameron*, 80 S.W.3d at 559; *City of Alton*, 145 S.W.3d at 680; *Potter County Atty.'s Off.*, 121 S.W.3d at 471. If a court so determines, a plaintiff must then be provided "a reasonable opportunity to amend" his pleadings to attempt to cure the jurisdictional defects found, unless

"[t]he pleaded facts and the evidence ... demonstrate that it is impossible for [the plaintiff] to amend the pleadings to invoke jurisdiction." *See Sykes*, 136 S.W.3d at 639; *Ramirez*, 74 S.W.3d at 867–68.

As noted, some cases suggest that a plaintiff who chooses to amend his pleadings in response to a plea to the jurisdiction may be denied further opportunity to amend. *See e.g. Miranda*, 133 S.W.3d at 231; *Salas*, 139 S.W.3d at 405; *Save Our Springs Alliance*, 149 S.W.3d at 686. We have already observed that this aspect of *Miranda* garnered only a plurality. We believe this approach is inconsistent with the bright-line rule spelled out in *County of Cameron*, 80 S.W.3d at 559 ("dismissal for failure to state a claim is appropriate only when the plaintiff has been 'given an opportunity to amend *after* [a plea to the jurisdiction] ha[s] been sustained'" (emphasis added)); *but cf. Levatte*, 144 S.W.3d at 225 (if trial court grants plaintiff's request for additional time to amend but plaintiff fails to take advantage of opportunity, then plaintiff may be denied additional opportunity to amend).

Here, the issue of whether the Legislature has waived Texas A & M's immunity from suit depends on whether the Legislature has waived Texas A & M's immunity from suit with respect to Koseoglu's underlying claim which was resolved by the settlement agreement. *See Lawson*, 87 S.W.3d at 521. Although, we have concluded that the Legislature has not waived Texas A & M's immunity from the due process claim asserted by Koseoglu, we cannot say at this juncture "that, *even by amendment*, no cause of action can be stated [for which sovereign immunity has been waived]" with respect to the termination of the employer-employee relationship between Texas A & M and Koseoglu. *See City of Alton*, 145 S.W.3d at 680. Thus, Koseoglu must be provided an op-

portunity to amend his pleadings. *See County of Cameron*, 80 S.W.3d at 559; *City of Alton*, 145 S.W.3d at 680; *Potter County Atty.'s Off.*, 121 S.W.3d at 471.

## Conclusion

We dismiss that portion of this interlocutory appeal brought by Appellant Mark McLellan for want of jurisdiction. We reverse the judgment as to Appellants Texas A & M University System and Texas Engineering Experiment Station and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY concurring and dissenting.

TOM GRAY, Chief Justice, concurring and dissenting.

There comes a point in litigation when choices have to be made. There are consequences of making choices. When faced with a plea to the jurisdiction, a party can choose to amend or stand. In Texas, we have extraordinarily liberal pleading rules. And under the applicable standard of review, it's like horseshoes, you get points for being close; you do not have to land a ringer every time.

The ruling we should make should encourage the plaintiff to give it the best shot. The plaintiff should make all the allegations that can be supported to bring the case within a waiver of sovereign immunity. This is especially true once a plea to the jurisdiction has been filed. Thereafter, by the passage of time, it is reasonable to conclude what is in the pleadings is all the plaintiff has to offer the trial court. The trial court should be able to rule on the plea to the jurisdiction based upon what is on file in the way of pleadings and the evidence properly admitted at the hearing that supports a waiver. Based upon that same record, we should be able to review the propriety of the trial court's ruling.

The alternative is what the majority is doing, encouraging the plaintiff to not plead all the information and never amend its pleadings until *after* it has suffered an adverse ruling.

This is not an appeal of a dismissal after an adverse ruling, or no ruling, on special exceptions as was *County of Cameron v. Brown*, 80 S.W.3d 549 (Tex.2002). Try as they might to change what *Cameron* says by rephrasing a quote, by inserting language it did not contain, into a parenthetical used in *Cameron* to explain a description of the case, *see* majority op. at pg. 384, *Cameron* does not hold that a plaintiff must be given an opportunity to replead after an adverse ruling on a plea to the jurisdiction.

What the majority is actually holding is 1) that a plea to the jurisdiction is nothing more than a special exception, and 2) that the trial court must, that is must, give an advisory opinion of how it intends to rule on the plea, let some amount of time pass, though we do not know how much, and if no amended pleading is filed, then rule.

What a waste of judicial resources, both trial and appellate. I would hold that if the plaintiff has had a reasonable opportunity to evaluate the plea to the jurisdiction and amend the petition to meet the complaints raised in that plea, but fails or refuses to amend, the plaintiff must suffer the consequence of its decision. Dr. Koseoglu had known for several months prior to the hearing that the jurisdiction of the trial court was being attacked. He did nothing in response.

Further, the bright-line rule which requires an opportunity to amend after an adverse ruling is contrary to the Texas Supreme Court's instructions in *Miranda*. *Tex. Dep't of Parks & Wildlife v. Miranda*,

133 S.W.3d 217 (Tex.2004). We are to review what has been filed and determine, if we can, whether the plaintiff has affirmatively pleaded themselves out of court. What we do not know is if there is an amended pleading, does this mean the movant has to start with a new plea to the jurisdiction?[1]

Accordingly, I concur in the result except to the extent the case as to Texas A & M University System and Texas Engineering Experiment Station is remanded to allow Koseoglu to amend his petition. While Koseoglu asserts that he can replead to bring himself within the waiver of the Tort Claims Act, the facts alleged in his petition, if proven, affirmatively place him outside waiver of sovereign immunity in the Tort Claims Act.

Based upon the allegations made by Koseoglu, there is no amendment which will give the trial court jurisdiction. Accordingly, because the allegations affirmatively demonstrate that the trial court has no jurisdiction, we should render a judgment of dismissal with prejudice as to these defendants. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex.2004) and *Harris County v. Sykes*, 136 S.W.3d 635 (Tex.2004).

---

1. After all, this is not like a special exception where the court's ruling is specific enough to know what pleadings may bring some claim within the waiver and what claim may still not be adequately pled to show that it is not within an exception to governmental immunity. *See e.g., City of Waco v. Wright*, No. 10–04–00045–CV, 2004 WL 2580156, 2004 Tex. App. LEXIS 10117 (Tex.App.-Waco Nov.10, 2005, no pet.)(mem.op.)(From the majority opinion in *City of Waco v. Wright*, it is impossible to tell what claim has been adequately pled. *Id.*, 2004 WL 2580156, at *1–2, 2004 Tex.App. LEXIS 10117, at *2–4 (Gray, C.J., concurring)). I recognize that some Supreme Court Justices consider a plea to the jurisdiction as an arcane method by which to attack the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 239–245 (Brister, J., dissenting). But the Legislature specifically identified this procedural vehicle as a proper vehicle through which to address the problem of suits against governmental entities. The vehicle having been chosen by the Legislature, we have little choice but to ride it.