ACCEPTED
15-25-00117-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 5:51 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00117-CV**

# In the Court of Appeals
# for the Fifteenth Judicial District

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 5:51:23 PM
CHRISTOPHER A. PRINE
Clerk

THE STATE OF TEXAS,

*Appellant/Cross-Appellee,*

*v.*

PATRICK COX, FOR HIMSELF AND AS AGENT FOR AOC RANCHES, LLC; TEAM ADVERTISING SERVICES, INC.; CCLHR ENTERPRISES, LLC; AND VPIZZA RESTAURANT 001, LLC,

*Appellees/Cross-Appellants.*

On Appeal from the
419th Judicial District Court, Travis County

## CROSS-RESPONSE BRIEF FOR THE STATE OF TEXAS

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

WILLIAM R. PETERSON
Solicitor General

JACOB C. BEACH
Assistant Solicitor General
State Bar No. 24116083
Jacob.Beach@oag.texas.gov

ALI THORBURN
Assistant Attorney General

Counsel for Appellant

# Identity of Parties and Counsel

**Appellant:**
The State of Texas

**Appellate and Trial Counsel for Appellant:**
Ken Paxton
Brent Webster
William R. Peterson
Jacob C. Beach (lead counsel)
Ali Thorburn
Cole P. Wilson

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-6407
Jacob.Beach@oag.texas.gov

**Appellees:**
Patrick Cox, for himself and as agent for AOC Ranches, LLC; Team Advertising Services, Inc.; CCLHR Enterprises, LLC; and VPizza Restaurant 001, LLC

**Appellate and Trial Counsel for Appellees:**
Reese Baker
Baker & Associates
950 Echo Ln Ste 300
Houston, TX 77024-2824
(713) 979-2251
Reese.Baker@bakerassociates.net

# TABLE OF CONTENTS

Page

Identity of Parties and Counsel ................................................................. i

Index of Authorities ................................................................................. iii

Introduction ............................................................................................. 1

Argument .................................................................................................. 1

    I.    Cox Erroneously Claims This Suit Remained on the Pleadings. ................. 1

    II.   The District Court Properly Dismissed Cox's Federal Claim. ................... 3

        A.   Cox cannot bring a Section 1983 claim against the State. ...................... 4

        B.   The State Takings Clause provides the substantive claim. .................. 5

        C.   Cox's federal claim would fail for the same reasons. ........................... 7

Prayer .................................................................................................... 10

Certificate of Compliance ..................................................................... 10

**Page(s)**

**Cases:**

*Alamo Heights Indep. Sch. Dist. v. Clark*,
544 S.W.3d 755 (Tex. 2018) ............................................................... 2

*City of Baytown v. Schrock*,
645 S.W.3d 174 (Tex. 2022) ............................................................ 6-7

*Curadev Pharma Pvt. Ltd. v. Univ. of Tex. Sw. Med. Ctr.*,
2025 WL 2414661 (Tex. App.—15th Dist. Aug. 21, 2025) ....................2, 3, 5, 9

*DeVillier v. Texas*,
601 U.S. 285 (2024) ............................................................... 1, 3, 5, 6

*Heckman v. Williamson County*,
369 S.W.3d 137 (Tex. 2012) ................................................................ 9

*Jennings v. Jennings*,
625 S.W.3d 854 (Tex. App.—San Antonio 2021, pet. denied) ........................... 3

*Putnam v. Iverson*,
2014 WL 3955110 (Tex. App.—Houston [14th] 2014, pet. denied) ................. 4-5

*Sorrow v. Harris Cnty. Sheriff*,
622 S.W.3d 496 (Tex. App.—Houston [14th] 2021, pet. denied) ..................... 7

*TDCJ v. Garza*,
2024 WL 4229702 (Tex. App.—Eastland Sept. 19, 2024, no pet.) .................... 5

*TDCJ v. Rangel*,
595 S.W.3d 198 (Tex. 2020) ................................................................ 3

*Tex. A&M Univ. Sys. v. Koseoglu*,
167 S.W.3d 374 (Tex. App.—Waco 2005).................................................. 4

*Tex. A&M Univ. Sys. v. Koseoglu*,
233 S.W.3d 835 (Tex. 2007)...........................................................3, 4, 5

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004).................................................................. 3

*Wallace v. Kato*,
549 U.S. 384 (2007) .......................................................................... 7

*Will v. Mich. Dep't of State Police*,
491 U.S. 58 (1989) .......................................................................... 4, 5

**Constitutional Provision, Statutes and Rules:**

U.S. Const.:

    amend. V ................................................................................................ 1

    amend. XIV ........................................................................................... 1

42 U.S.C. § 1983 ............................................................... 1, 3, 4, 5, 7

Tex. Civ. Prac. & Rem. Code § 16.003(a) ................................... 7

Tex. R. Civ. P. 166a(c) .................................................................. 3

# Introduction

Cox's Cross-Appeal raises a single issue foreclosed by a recent, on-point decision from the United States Supreme Court. *See DeVillier v. Texas*, 601 U.S. 285, 293 (2024) (declining to recognize a federal cause of action where "Texas state law provides a cause of action by which property owners may seek just compensation against the State"). Following a hearing on the State's Combined Plea to the Jurisdiction and Motion for Summary Judgment, the district court granted the plea as to Cox's "federal causes of action under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution" CR.822. He appeals this aspect of the order, arguing that "[d]ismissing Cox's federal taking[s] claim improperly denied him a forum to vindicate his constitutional rights." Cox Br. 16. But Cox brought a claim under the Texas Constitution's Takings Clause, which satisfies the United States Supreme Court's on-point holding. While the district court should have dismissed that claim, too, for lack of evidence, it does not follow that Cox had no forum to seek a remedy to the alleged violation of his right. His brief also errs in treating the State's plea as one based on pleadings alone, which finds no support in either the record or his own litigation choices.

# Argument

## I. Cox Erroneously Claims This Suit Remained on the Pleadings.

Cox's Cross-Appeal Brief consistently and erroneously asserts that this case turns on the pleadings. *See* Cox Br. Parts B & C. He invokes the well-established rules about construing pleadings liberally and in his favor, *id.* at 14, 19, 21, 23, and claims the right to amend his pleadings if insufficient, *id.* at 14, 23. But this case left

the pleadings stage long ago, and the record affirmatively establishes why the district court lacked evidence to entertain Cox's federal or state claims.

Both the State and Cox submitted and invoked evidence as to whether jurisdiction was proper. First, the State proffered thirteen exhibits in the Combined Plea to the Jurisdiction and Summary Judgment Motion. *See, e.g.*, CR.38 (outlining the standard for an evidentiary plea); *id.* at 46 (invoking the record as to lack of injury); *id.* at 52 (same as to sufficient process); *id.* at 54 (same as to lack of taking); *id.* at 60 (index of State exhibits). Cox responded by proffering ten exhibits of his own, which spanned 255 pages. CR.553-808; *see* CR.551 (index of Cox exhibits).[1] The State's Reply focused on the evidence, too, *see, e.g.*, CR.813, including how most of his evidence is not competent under the Texas Rules of Evidence, *see* CR.815-18. The district court hearing was no different. *See, e.g.*, RR.42-45, 53-54, 57. Cox appears to acknowledge as much despite his complete reliance on the pleading standard. *See* Cox Br. 16 (invoking "Cox's pleadings and record evidence").

This Court is well-aware that a plea to the jurisdiction may be based on the pleadings or on evidence. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *Curadev Pharma Pvt. Ltd. v. Univ. of Tex. Sw. Med. Ctr.*, No. 15-25-00004-CV, 2025 WL 2414661, at *2-3 (Tex. App.—15th Dist. Aug. 21, 2025). "In evaluating an evidentiary plea to the jurisdiction, the standard of review 'generally

---

[1] He only cited one exhibit as it applies to his argument, *see* CR.542 (citing Order Granting Turnover and Appointing Receiver), expecting the State and the district court to piece together the rest, *see* CR.543 ("Cox attaches Exhibits A to J to this Response. These exhibits demonstrate the actions against Patrick Cox, the reasons for his losses, his attempts to regain his property and other matters.").

mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c).'" *Curadev*, 2025 WL 2414661, at *3 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)). And "[t]he plaintiff bears the burden to allege facts that affirmatively demonstrate the trial court's subject matter jurisdiction." *Id.* (citing *TDCJ v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020)). "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* (quoting *Miranda*, 133 S.W.3d at 228).

That is the standard that applies here, and the one that Cox fails to meet for the reasons explained below.

## II.  The District Court Properly Dismissed Cox's Federal Claim.

Cox cross-appeals the district court's decision to dismiss his federal takings claim under Section 1983. But Texas has not waived its immunity for Section 1983 claims. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). And, as the United States Supreme Court recently held, there is no federal cause of action to be had where "Texas state law provides a cause of action by which property owners may seek just compensation against the State." *DeVillier*, 601 U.S. at 293. The district court thus did not err by dismissing the federal cause of action.[2]

---

[2] Cox raises no arguments regarding the federal due-process claim and thus waives it as an issue on appeal. *See, e.g.*, *Jennings v. Jennings*, 625 S.W.3d 854, 868 (Tex. App.—San Antonio 2021, pet. denied) (explaining that "[t]he Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue … not raised by the appellant's original brief" and collecting sources).

### A. Cox cannot bring a Section 1983 claim against the State.

Cox claims that "it is also settled that state courts have both the power and the obligation to hear federal takings claims" and "nothing in 42 U.S.C. § 1983 or the Takings Clause itself removes this jurisdiction." Cox Br. 18. But the Texas Supreme Court explicitly holds that the Legislature has not waived sovereign immunity for Section 1983 claims. *See Koseoglu*, 233 S.W.3d at 839.

There, after Texas A&M University settled Koseoglu's Section 1983 claim, which stemmed from his alleged wrongful termination, Koseoglu sued the University for breaching that settlement. *See Tex. A&M Univ. Sys. v. Koseoglu*, 167 S.W.3d 374, 376, 380 (Tex. App.—Waco 2005), *aff'd in part, rev'd in part*, 233 S.W.3d 835 (Tex. 2007). In a plea to the jurisdiction, the University asserted immunity, *id.*; in response, Koseoglu argued that the State impliedly waived immunity from the Section 1983 claim by entering the settlement, and that this waiver extended to his new claim, *Koseoglu*, 233 S.W.3d at 839. Both the Court of Appeals and Texas Supreme Court rejected this logic, explaining that "the State and its officials sued in their official capacities are immune from money damages sought in a Section 1983 claim unless they waive their immunity." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Because "[i]t is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so," the Court explained, "Koseoglu never had an actionable Section 1983 claim against Texas A&M." *Id.*

Texas' courts of appeals reinforce this conclusion. The Fourteenth Court explained that "[t]he enactment of section 1983 did not 'disregard the well-established immunity of a State from being sued without its consent.'" *Putnam v. Iverson*, No.

14-13-00369-CV, 2014 WL 3955110, at *3 (Tex. App.—Houston [14th Dist.] Aug. 14, 2014, pet. denied) (mem. op.) (Busby, J.) (quoting *Will*, 491 U.S. at 67, and citing *Koseoglu*, 233 S.W.3d at 839). "Nor has the Legislature generally waived sovereign immunity for any claim brought under section 1983." *Id.* The Eastland Court of Appeals recently reaffirmed that "Congress has not exercised its power to override immunity to a section 1983 claim" and "[l]ikewise, the Texas legislature has not waived such immunity." *TDCJ v. Garza*, No. 11-23-00026-CV, 2024 WL 4229702, at *2 (Tex. App.—Eastland Sept. 19, 2024, no pet.) (mem. op.) (citing *Will*, 491 U.S. at 66 and *Koseoglu*, 233 S.W.3d at 839). As for this Court, it recognizes *Koseoglu*'s import. *See, e.g.*, *Curadev*, 2025 WL 2414661, at *8 (explaining that "the Texas Supreme Court … has emphasized that waivers of immunity generally should be left to the Legislature" (citing *Koseoglu*, 233 S.W.3d at 840)).

Cox identifies no reason to depart from this settled law.

### B.   The State Takings Clause provides the substantive claim.

The next question is whether Cox can assert his federal takings claim independent of Section 1983. The United States Supreme Court recently held that there is no federal cause of action to be had where "Texas state law provides a cause of action by which property owners may seek just compensation against the State." *DeVillier*, 601 U.S. at 293. The federal cause of action does not add any substantive protections not covered by the state claim, which fails in any event. *See id.*

In *DeVillier*, the Plaintiff "sought just compensation under the Takings Clause of the Fifth Amendment, arguing that the Constitution itself authorized him to bring suit." *Id.* at 287. The United States Supreme Court "granted certiorari to decide

5

whether 'a person whose property is taken without compensation [may] seek redress under the self-executing Takings Clause even if the legislature has not affirmatively provided them with a cause of action.'" *Id.* at 287-88. But, the Court explained, "[t]hat question assumes the property owner has no separate cause of action under which to bring a claim based on the Takings Clause." *Id.* at 288. "[T]hat [wa]s not the case [t]here" because "Texas law provides a cause of action that allows property owners to vindicate their rights under the Takings Clause." *Id.* The Supreme Court thus "vacate[d] and remand[ed] so that [Plaintiff]'s claims may proceed under Texas' state-law cause of action." *Id.*

*Devillier* is on point. As in *DeVillier*, "Texas does not dispute the nature of the substantive right to just compensation" but "the procedural vehicle by which a property owner may seek to vindicate that right." *Id.* at 291. And unlike *Devillier*, Cox brought a "state-law inverse-condemnation cause of action" to vindicate the alleged harm. *Id.* at 293. As a result, "[t]his case … does not present the circumstance in which a property owner has no cause of action to seek just compensation." *Id.*

The Texas Takings Clause confers at least the same protection as its federal analog. "The Texas Constitution requires compensation in more circumstances than the United States Constitution—the federal requiring compensation for 'taken' property, and the state for 'taken, damaged, or destroyed' property—but both provide a means of redress against the government." *City of Baytown v. Schrock*, 645 S.W.3d 174, 179 (Tex. 2022); *see id.* at 183 (Young, J., concurring) ("The Texas Constitution … says everything that the U.S. Constitution does, but makes two signifi-

cant additions."). But where "the arguments before [the Court] treat the two as substantively indistinguishable and address only the contours of the federal Takings Clause," that leaves only one question: whether the property was "taken" without just compensation. *Id.* at 182. Because Cox does not address if or how the difference applies here either below or on appeal, that leaves this Court with the narrower question of whether the State "took" his property. *See id.*

### C. Cox's federal claim would fail for the same reasons.

Even if Cox's federal takings claim were live on appeal, it would fail for the same reasons as the state claim. The State explains below why Cox's state takings claim fails but reincorporates the fuller arguments from the opening brief by reference.

*First*, he did not bring the claims for taking of personal property within the two-year statute of limitations. *See* State Br. Part I. That extends to any federal claim, too. *See Sorrow v. Harris Cnty. Sheriff*, 622 S.W.3d 496, 501–02 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) ("In general, constitutional claims that arise in Texas under the state and federal constitutions, … are governed by the two-year tort statute of limitations." (citing *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007)); *see also* Tex. Civ. Prac. & Rem. Code § 16.003(a)).

*Second*, he lacks standing because he received his assets back and self-inflicted the only harms he identifies. *See* State Br. Part II. Cox acknowledges that the Receiver immediately returned $50,816 to him and transferred $560,207 to the Corporate Bankruptcy Trustee. Cox Br. 11. Yet, as in the district court, Cox again omits that, after the Seventh Court's reversal, he reached a settlement in which the Cor-

porate Trustee transferred $125,000 to Cox's lawyers and retained $435,206 to settle the $9,000,000 in proven claims against Cox. CR.338; *see also* CR.349 (entering a "take nothing" judgment in the Corporate Trustee suit against Cox due to Personal Compromise). That leaves his claim for financial harm from "forced seizure and liquidation" and "receiver fees," Cox Br. 11—neither of which would be different under the Federal Takings clause because he self-inflicted these harms by failing to post a supersedeas bond or object to the Receiver's motions to sell. *See* State Br. Section II.C. He acknowledges that the Receiver turned over the funds to the Corporate Trustee, Cox. Br. 11; to the extent he claims any harm from that transfer, he did not object to that, either. CR.199. Reviving the federal cause of action would not change Cox's previous conduct.

*Third*, Cox's takings claim is facially invalid as the State did not take, receive, or benefit from Cox's assets. *See* State Br. Part IV. Instead, it was the Receiver acting pursuant to a valid court order who gathered and sold his property and then transferred it to the Corporate Trustee with his acquiescence. Cox Br. 11; CR.199. Cox repeatedly asserts that the Receiver was "[a]cting under the State's authority" when he "seized and sold nearly all of Cox's non-exempt personal property, including business investments and other valuable assets." Cox. Br. 10; *see id.* at 11 ("[T]he State's actions deprived Cox of all economically viable use of the property (which was taken from him) without providing compensation."); *id.* at 12 ("These facts … allege a concrete deprivation of property rights directly traceable to the State's action."); *id.* at 20 ("The receiver, acting under the State's authority, liquidated nearly all of Cox's non-exempt property at forced sale."); *see also id.* ("[T]he State, acting

through a court-appointed receiver, seized and permanently deprived him of millions of dollars' worth of personal property.").

As explained in Section IV.A of the State's Opening Brief, Cox's argument that Texas controlled the Receiver defies both well-established law and the record. *See* State Br. 37-38 (explaining that, per statute and precedent, "a receiver is an officer of the court" and collecting sources). The State pointed to record evidence showing the receivership court, not Texas, controlled the Receiver, *see id.* (citing CR.91, 222), and that neither Texas nor the Receiver controlled the funds after the Corporate Compromise, *see id.* (citing CR.358, 362-63). Indeed, Cox admits that the State did not pay the Receiver's fee. Cox Br. 23. That is because the Receiver worked for the court, who authorized the Receiver's right to expenses and fees, CR.86, 93, and Texas never possessed or controlled the assets from which the Receiver was paid. The fact that the State never took, sold, possessed, or benefited in any way from the assets defeats a takings claim, irrespective of which constitution Cox invokes.

The district court's error was in refusing to dismiss the claims brought under the Texas Constitution, not in dismissing either the Section 1983 cause of action or the federal claim. *See Curadev*, 2025 WL 2414661, at *3 ("The plea must be granted … if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction." (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012)).

9

## Prayer

This Court should affirm the district court's order as to dismissal of the federal claims, reverse as to its denial of the plea for reasons previously stated, and render judgment dismissing the suit.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-6407
Fax: (512) 474-2697

William R. Peterson
Solicitor General

/s/ Jacob C. Beach
Jacob C. Beach
Assistant Solicitor General
State Bar No. 24116083
Jacob.Beach@oag.texas.gov

Ali Thorburn
Assistant Attorney General

Counsel for Appellant

## Certificate of Compliance

Microsoft Word reports that this brief contains 2,635 words, excluding ex-empted text.

/s/ Jacob C. Beach
Name

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victor Hernandez on behalf of Jacob Beach
Bar No. 24116083
victor.hernandez@oag.texas.gov
Envelope ID: 106285672
Filing Code Description: Other Brief
Filing Description: Cox_CrossResponse_Final
Status as of 10/1/2025 7:08 AM CST

Associated Case Party: Patrick Cox

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Reese Baker | 1587700 | courtdocs@bakerassociates.net | 9/30/2025 5:51:23 PM | SENT |

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | ali.thorburn@oag.texas.gov | 9/30/2025 5:51:23 PM | SENT |
| Jacob Beach | | jacob.beach@oag.texas.gov | 9/30/2025 5:51:23 PM | SENT |
| Amanda Ruch | | amanda.ruch@oag.texas.gov | 9/30/2025 5:51:23 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ariana Ines | | ariana.ines@oag.texas.gov | 9/30/2025 5:51:23 PM | SENT |